[Crim. Nos. 6012, 6013.    Second Dist., Div. Two.    Nov. 20, 1957.]

THE PEOPLE, Respondent, v. PAUL RAYMOND
HURLEY, Appellant.

[Two Cases.]

Robert Winckler for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry
Johnson, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant appeals from judgment of
guilty of possession of marijuana in violation of section 11500,
Health and Safety Code (Appeal No. 6012) and from judg-
ment of guilty of violation of section 11714, Health and
Safety Code[1] with prior conviction of section 11500 thereof
(Appeal No. 6013).   No error is claimed in Number 6012 and

---

[1] § 11714.   "Every person who . . . unlawfully, sells, furnishes, ad-
ministers, gives . . . any narcotic to a minor, is guilty of a felony
punishable by imprisonment in the state prison for not less than five
years.
   "If such a person has been previously convicted of any offense de-
scribed in this division . . . the previous conviction shall be charged in
the indictment or information and if found to be true . . . by the court
. . . he shall be imprisoned in the state prison for not less than 10
years."   Both sections 11500 and 11714 are within division 10 of
Health and Safety Code.

the only point made in support of reversal in Number 6013 is that defendant was sentenced to a ten-year term instead of a five-year term upon the basis of the conviction in 6012 of said violation of section 11500 which was not then final and was later made the subject of an appeal.

After a nonjury trial defendant was convicted of violation of section 11500 on April 12, 1957, and the matter was continued for a probation officer's report. It again came on for hearing on June 11, 1957, at which time probation was denied and defendant was sentenced to state prison for the term prescribed by law.

Meantime, on May 3, 1957, defendant had been charged with violation of section 11714 in two counts which specified the furnishing of a narcotic to two different minors. On May 16, before the magistrate, he pleaded guilty to count 2, count 1 was dismissed and the cause certified to the superior court. Thereupon an amended complaint was filed charging the former conviction of April 12, 1957, under section 11500, which charge defendant denied. Further proceedings on that issue were continued and came on for hearing on June 11, 1957; the court found the charge to be true and sentenced defendant to prison for the term prescribed by law, which, as shown by the quotation in footnote 1, *supra*, is 10 years because of the previous conviction and would have been five years in the absence thereof.[2] On June 18, 1957, appellant filed his notice of appeal.

Counsel for appellant says: "It is appellant's contention that a defendant may not be sentenced on two offenses at the same time and have one offense treated as a prior offense within the provisions of such section." Again: "It is the contention of the defendant that the theory and reason for the increased punishment to subsequent offenders is that defendants have demonstrated that they have not profited by the lessons of the prior punishment, nor benefited by the penal rehabilitation programs, and therefore additional penalties should be invoked. In the case at bar the defendant has had no penalty and has had no*t* benefit from any possible rehabilitation program prior to his being sentenced as a repeating offender."

The attorney general, commenting upon appellant's brief, says: "A failure to specify errors must be taken to indicate that no errors occurred and a failure to cite authorities must

[2]Sentences were imposed on the same day in both cases and made concurrent.

be taken to indicate that none can be cited." Thereupon the point is argued as if no precedents existed, none being cited by the attorney general. ▮▮▮ However, this court has decided the point three times—in *People* v. *Clapp,* 67 Cal.App. 2d 197, 200 [153 P.2d 758] ; *People* v. *Ashcraft,* 138 Cal.App. 2d 820, 826 [292 P.2d 676] ; *People* v. *Morgan,* 140 Cal.App.2d 796, 802 [296 P.2d 75]. In the Clapp case it was said: "Appellant contends that at the time of the filing of the information and at the time of the trial he had not been convicted because his judgment of conviction in the former case was on appeal. This contention has been disposed of repeatedly. [Citations.] The jury, or the court where a jury has been waived, convicts the accused. (Pen. Code, §§ 689, 1157.) Conviction does not mean the judgment based upon the verdict, but it is the verdict itself. [Citation.] It is the ascertainment of guilt by the trial court. [Citation.] A person has been convicted even though the judgment should be suspended during appeal [citation] or while the convict is on probation. [Citation.] In the case of *People* v. *Braun,* 14 Cal.2d 1 [92 P.2d 402], it was held that although an adverse judgment in a former case was on appeal a prior conviction might be shown for the purpose of impeachment. A judgment though not final may be proved for any purpose for which it is effectual. [Citations.] The courts of other jurisdictions have likewise upheld the practice of alleging the prior conviction even though the judgment based thereon was on appeal at the time of the trial for the second offense. [Citations.]" (P. 200.) See also *In re Anderson,* 34 Cal.App.2d 48, 50-54 [92 P.2d 1020] ; *McKannay* v. *Horton,* 151 Cal. 711, 718 [91 P. 598, 121 Am.Rep. 146, 13 L.R.A.N.S. 661].

The foregoing authorities are conclusive. We are not confronted with any problem of the effect of subsequent reversal of the prior conviction, for the appeal in Number 6012 is only *pro forma,* no claim of error therein being asserted.

The judgment is affirmed in each case.

Fox, Acting P. J., and Richards, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.