[Crim. No. 4659.   First Dist., Div. Two.   May 10, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD H. PATE, Defendant and Appellant.

Molly H. Minudri, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci, Charles W. Rumph, Albert W. Harris, Jr., and Michael R. Marron, Deputy Attorneys General, for Plaintiff and Respondent.

AGEE, J. — Following plea of guilty to second degree burglary and proceedings conducted pursuant to section 6451 of the Penal Code, the superior court found defendant to be a narcotic addict and ordered that he be committed to the

California Rehabilitation Center for care and treatment. He was received at the Reception Guidance Center at Vacaville, California, on February 14, 1964 and remained there until April 28, 1964. He was not given any treatment while there.

On April 15, 1964 the Director of Corrections notified the committing court that defendant was not a fit subject for confinement or treatment in the California Rehabilitation Center and that he was being returned to the court for further proceedings as provided by section 6453 of the Penal Code.

On May 21, 1964 the court modified defendant's plea of guilty to second degree burglary to a plea of guilty of attempted burglary of the second degree and sentenced him to state prison. Defendant has appealed from the judgment entered on that date.

The sole issue on appeal relates to the propriety of the action taken by the Director of Corrections in rejecting defendant for treatment and returning him to the court.

Section 6453 of the Penal Code provides as follows: "If at any time after 60 days following receipt of a person at the facility, the Director of Corrections concludes that the person, because of excessive criminality or for other relevant reason, is not a fit subject for confinement or treatment in such narcotic detention, treatment and rehabilitation facility, he shall return the person to the court in which the case originated for such further proceedings on the criminal charges as that court may deem warranted."

In returning the defendant to the court, the Director of Corrections did not base his reason for doing so upon defendant's "excessive criminality." Therefore, the validity of the return must rest upon the second basis, "other relevant reason."

The reason given is stated in the April 15, 1964 notice to the court, as follows: "Our records indicate that Richard H. Pate was under active parole supervision of the Department of Corrections at the time of his commitment to the California Rehabilitation Center. By agreement of Mr. Richard A. McGee, Administrator, Youth and Adult Corrections Agency, and Mr. Walter Dunbar, Director of Corrections, the California Rehabilitation Center program is reserved for those individuals not now under supervisory control of the Department."

We have found nothing in any of the enactments of the Legislature which indicates that its narcotics rehabilitation program is *reserved* for persons who are not on parole. There is no issue here as to defendant's statutory *eligibility* for

treatment under such program and there is no contention that the superior court did not have the power in this case to make an order of commitment under section 6451 of the Penal Code. It was not bound by any "agreement" between Mr. McGee and Mr. Dunbar.

Respondent acknowledges very forthrightly that, at the time of defendant's commitment "he was not considered for treatment under that program [California Narcotics Rehabilitation Program, as instituted by the 1961 Legislature] since he was a dual commitment," i.e., commitment for prior felony conviction and commitment under section 6451 as a narcotic addict.

We again quote respondent: "In August of 1964, this broad policy of exclusion of dual commitments was altered to the extent that all narcotics commitments, *including dual commitments,* are evaluated during the sixty-day period established by the code. As the attached letters indicate, if the accused has basically a narcotics problem, he may be accepted for treatment despite the fact that he is confined under an existing felony commitment as well." (Italics added.)

The record is clear that the sole reason for the director's conclusion that the defendant was not a fit subject for treatment is that he was a "dual commitment." Whether this is a "relevant reason" for returning him to the committing court is a question addressed in the first instance to the sound discretion of the Director of Corrections.

While the committing court cannot control the discretion of the director, it can correct an abuse of such discretion. (2 Cal.Jur.2d, Administrative Law, § 228, Abuse of Discretion.)

In *Cranford* v. *Jordan,* 7 Cal.2d 465, 467 [61 P.2d 45], which involved a statute directing the Secretary of State not to file articles of incorporation setting forth a name likely to mislead the public, the Supreme Court stated: "The section vests in him a certain discretionary power which he may be compelled to exercise, but which, *in the absence of an abuse of discretion,* we should not compel him to exercise in any particular manner." (Italics added.)

In *McDonough* v. *Goodcell,* 13 Cal.2d 741, 746-47 [91 P.2d 1035, 123 A.L.R. 1205], the court said: "The legislature has the power to vest in a public officer the discretion to deny an application for a permit to engage in a business subject to regulation when prerequisite facts do not exist. *But such a discretion must be exercised within legal bounds.* Those bounds

are generally that the discretion of the administrative officer or board may not be exercised arbitrarily, capriciously, fraudulently, or without a factual basis sufficient to justify the refusal.'' (Italics added.)

In the instant case, we reject respondent's contention that the superior court had no power to review the action of the director. Specifically, we reject respondent's statement that "the Superior Court made the only order within its power when appellant was returned to it, that is, an order committing appellant to state prison."

When it appears to the committing court from the evidence presented to it that the director has abused his discretion in concluding that a defendant "is not a fit subject" for treatment under the California Narcotics Rehabilitation Program, it may set aside such conclusion and direct the director to carry out its order of commitment. As we have seen, the issue here is narrowed by the director's acknowledgment that his ruling is based solely upon the reason that defendant was under a "dual commitment."

The transcript of the proceedings before the court after defendant's return clearly shows that the court believed that the director's decision to reject the defendant for treatment was conclusive and that the court had no alternative to a prison sentence.

The respondent states: "It appears from the reporter's transcript of the proceedings in this case that the Superior Court was convinced that appellant was a narcotic addict, and was a proper subject for treatment in the California Rehabilitation Center. The Superior Court did everything in its power to obtain for appellant medical and psychological treatment for his addiction.''

In *People* v. *Wallace,* 59 Cal.2d 548 [30 Cal.Rptr. 449, 381 P.2d 185], where it appeared "that the trial court believed and ruled that there was no alternative to a prison sentence" (p. 552), the Supreme Court reversed the judgment sentencing a defendant to state prison and remanded the cause "in order that the trial court may have the opportunity to exercise its discretion under the provisions of section 6451 of the Penal Code." (P. 553.)

In *People* v. *Ortiz,* 61 Cal.2d 249 [37 Cal.Rptr. 891, 391 P.2d 163], the trial court erroneously believed that defendant was "ineligible to be considered for the narcotic addict rehabilitation program" and sentenced him to state prison. Our Supreme Court reversed the judgment sentencing the de-

fendant to state prison and remanded the cause "in order that the court may have the opportunity to exercise the discretion vested in it by section 6451." (Pp. 255-256.)

It is true that each of the two cited cases involves an erroneous belief by the trial court as to the *original* eligibility of the defendant for narcotic addiction treatment. Whereas, the trial court herein acted under an erroneous belief as to the conclusiveness of the director's decision as to defendant's *continued* eligibility. We see no difference in principle between the two situations.

There is no real question here as to the *need* of defendant for treatment. The medical reports of the court-appointed psychiatrists bear this out. The record strongly indicates that the defendant can be helped by such treatment and may thereby become rehabilitated. It may be noted that even his present criminal act was an attempt to obtain narcotics by burglarizing a drug store.

The record further indicates the ironical fact that, if defendant had been committed in August 1964, instead of in February 1964, he would not have been refused treatment, the "policy of exclusion of dual commitments" having been altered.

The instant cause should be remanded to the court below to determine whether the director's refusal to accept defendant for treatment as a narcotic addict was an abuse of his discretion.

In order to afford said court the opportunity to make such determination it is necessary to reverse the judgment, not as to the conviction but only as to the state prison sentence which it decrees.

Respondent has moved to dismiss this appeal on the ground that the director's ruling "is not reviewable on this appeal from the judgment of conviction." Our review is directed to the failure of the trial court to determine the propriety of the director's ruling by reason of its erroneous belief that it was compelled to accept such ruling. (Cf. *People* v. *Wallace, supra; People* v. *Ortiz, supra.*) We are not reviewing the question of whether or not the director abused his discretion. That is the function of the trial court.

The motion to dismiss the appeal is denied. The judgment is reversed only as to the sentence decreed therein and the cause is remanded for further proceedings in conformity with this opinion.

Shoemaker, P. J., and Taylor, J., concurred.