[Crim. No. 10230.   Second Dist., Div. Four.   June 25, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. SALVADOR
RIOS MORENO, Defendant and Appellant.

Richard H. Levin, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with the sale of heroin, in violation of section 11501 of the Health and Safety Code. Jury was waived and, after a trial to the court, he was found guilty as charged. He was duly committed to the Narcotics Rehabilitation Center but, after several months in that institution, he was returned as unfit.[1] The criminal proceedings were resumed, probation was denied and he was sentenced to state prison with a notation (pursuant to Pen. Code § 6520) that he receive credit for the time spent in the Rehabilitation Center. He has appealed from the judgment.

Agent Cota, of the State Narcotic Bureau, had received information that defendant was dealing in narcotics and that an addict named Gonzales could and would introduce the agent to defendant. At Cota's request, Gonzales phoned defendant, saying: "Chava [defendant's nickname] we want to make it for a quarter."[2] An appointment was then made and, pursuant to that arrangement, Cota and Gonzales met defendant on the street near defendant's home. Cota and Gonzales were seated in a parked automobile. Defendant approached, entered the car, and was introduced to Cota. At this point, another individual approached the car, addressed defendant and said: "Anything doing?" or "Have you got anything?" Defendant

[1]On this point, the clerk's transcript shows only an order, in the terms of the statute, finding defendant to be within the group eligible for the Narcotic Rehabilitation Program and directing the sheriff to file a petition pursuant to section 6451 of the Penal Code. The next entry in that transcript is a minute reciting that "Criminal proceedings heretofore adjourned are reinstated." The order suspending criminal proceedings and directing the filing of a petition under section 6451 divests the criminal court of further jurisdiction unless and until the defendant is returned to that court either after a finding adverse to the 6451 petition, or is returned as unfit under section 6453, or after discharge from the rehabilitation program under section 6520 or 6521. We augmented the record by examination of the original superior court file. That file discloses a certificate from the Director of Corrections that defendant was unfit within the meaning of section 6453, and an order of the superior court, pursuant to that certificate, returning defendant to the criminal department for further proceedings. The record, as so augmented, shows satisfaction of the jurisdictional requirements.

[2]The language used, it is agreed, amounted to an offer to purchase a quantity of narcotics.

replied: "No, I am going to make it now." Cota, Gonzales and defendant then drove to a location in East Los Angeles where defendant, after asking for and receiving $65 from Cota, left the car. He returned soon thereafter with a rubber condom containing a white powder (later found to be heroin). During the drive, Cota and defendant had discussed the quality of the narcotic to be purchased. Defendant's testimony, in effect, admitted the facts as above stated.

## I

Defendant's sole defense at the trial, and his chief point here, is a claim of entrapment. However, although admittedly this particular transaction was originated in a phone call from the agent's informer to defendant, the facts show only a typical sale by a seller ready, able and willing to deal. It may well be true, as defendant contends, that he engaged in sale only because the money received from Cota was enough to enable him to purchase a quantity of heroin sufficient to complete his bargain with Cota and still retain some for his own use. But this motivation would be equally present in the case of any offer to buy, by any prospective purchaser. None of the elements of entrapment, as that defense exists in our law, were here present. (See the discussion in 1 Witkin, Cal. Crimes (1963) § 176, pp. 168-169.) In fact, the conversation with the person who approached the car, and the nature of the discussion as to quality engaged in by defendant with Cota, clearly suggest that defendant was an experienced dealer in narcotics.

## II

After the transaction with which defendant was charged, Cota made several abortive efforts to buy additional narcotics. Defendant put him off, saying that his supplier had gone away, but promising to deal when a supply again became available. Although Cota knew defendant's address and phone number, no arrest was made for the sale herein involved until after the lapse of about four months. Defendant now contends that this delay violated his rights. No issue was made of the delay at the trial, and it is not even now suggested that the delay deprived defendant of any witness or other evidence. Mere delay in arrest violates no legal right of a defendant. (*People* v. *Diaz* (1962) 206 Cal.App.2d 651, 665 [24 Cal.Rptr. 367].)

## III

Appointed counsel has included in his "report" on

this case, a statement sent to him by defendant, in which defendant claims that he was subjected to double jeopardy. It appears from this statement that defendant had been convicted of some offense in a federal court, and placed on probation; after his trial in this case and his commitment to the Narcotic Center, that probation was revoked. As we understand defendant's position, it is (a) that the federal probation should not have been revoked because his commitment to the Narcotic Center was not a "conviction"; and (b) that the commitment, and the subsequent sentence punished him twice. Neither point is valid. Whether or not the federal court followed its usual policy in defendant's case is a matter solely for that court. Since, under the statute, and the express terms of the sentence here, defendant is credited with his time in the Narcotic Center, the question of any double punishment is not before us.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.