[Crim. No. 5466.  First Dist., Div. One.  Dec. 5, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. MONTIE RAY McCUISTON, Defendant and Appellant.

[Crim. No. 5528.  First Dist., Div. One.  Dec. 5, 1966.]

THE PEOPLE, Plaintiff and Appellant, v. MONTIE RAY McCUISTON, Defendant and Respondent.

(Consolidated Cases.)

800

Edwin R. Baltimore, under appointment by the Court of Appeal, for Defendant and Appellant in No. 5466.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, John T. Murphy, William D. Stein and Louise H. Renne, Deputy Attorneys General, for Plaintiff and Respondent in No. 5466 and Plaintiff and Appellant in No. 5528.

R. Donald Chapman, Public Defender, for Defendant and Respondent in No. 5528.

MOLINARI, J.—On this appeal two cases involving Montie Ray McCuiston have been consolidated. One (1 Crim. 5466) is an appeal by defendant from a judgment of conviction for sale of narcotics (violation of Health & Saf. Code, § 11501). The other (1 Crim. 5528) is an appeal by the People from a post-judgment order of the trial court modifying the judgment of conviction for possession of heroin (violation of Health & Saf. Code, § 11500) by striking therefrom a prior felony conviction.[1]

In 1 Criminal 5466 defendant makes the following contentions: (1) The proceedings by which he was committed to the California Rehabilitation Center (the ''Center'') were not held in compliance with the applicable Welfare and Institutions Code sections; (2) the finding by the Superintendent of the Center (the ''Superintendent'') that defendant was not a fit subject for confinement or treatment at the Center is not supported by substantial evidence and therefore the Superintendent abused his discretion in determining that defendant was ineligible for treatment at the Center; and (3) the trial court, in sentencing defendant to a term in state prison after he had been returned to the court by the Center, should have credited defendant's sentence term with the time served by him at the Center. In 1 Criminal 5528 the sole contention of the People is that the trial court erred in striking the prior conviction from the judgment because despite the fact that no sentence had been imposed upon defendant in connection with the prior charge, a conviction occurred upon the finding of guilt.

### Statement of the Cases

On April 5, 1963 defendant was found guilty by the court of a violation of Health and Safety Code section 11501 (sale of narcotics). Thereafter, pursuant to defendant's motion under Penal Code section 6451,[2] the trial court appointed Drs. M.

---

[1]Such an order is appealable by the People under Penal Code, section 1238, subdivision 5. (*People* v. *Gilbert,* 25 Cal.2d 422, 444 [154 P.2d 657].)

[2]Unless otherwise indicated all statutory references are to the Penal Code. Section 6451, which was repealed in 1965 but reenacted in substantially the same language, as Welfare and Institutions Code section 3051, provided in relevant part as follows: ''Upon conviction of a defendant for any crime in any superior court, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics he shall adjourn the proceedings or suspend the imposition of the sentence and conduct proceedings to ascertain if such person is addicted to narcotics or in imminent danger thereof unless in the opinion of the judge the defendant's

Shoor and N. Nomof to examine defendant for the purpose of determining whether he was a narcotic addict within the meaning of that section. On May 17, 1963 the doctors were sworn and examined by the court and in addition they submitted to the court the certificate of medical examiners which they both signed. On the same date the trial court found that defendant was a narcotic addict within the meaning of section 6451 and ordered him committed to the Director of Corrections for placement in the Center for a period not to exceed 10 years.

On February 4, 1965, while defendant was in outpatient status from the Center, he was indicted for having violated Health and Safety Code section 11502 (selling heroin to a minor). This indictment further charged a prior felony conviction, namely, a violation of Health and Safety Code section 11501. On March 24, 1965 defendant pleaded guilty to the lesser included offense of violating Health and Safety Code section 11500 (possession of heroin) and admitted the prior conviction. Accordingly, on May 5, 1965 the trial court entered judgment sentencing defendant to state prison for the term prescribed by law.

Thereafter, on September 3, 1965 the Superintendent of the Center, by letter to the trial court, certified that because of defendant's recent commitment to the state prison he was not a fit subject for confinement or treatment at the Center. Accordingly, on September 17, 1965 the trial court sentenced defendant to state prison for the term prescribed by law for his 1963 conviction and further ordered that this sentence run concurrently with that imposed for defendant's 1965 conviction for possession of heroin. On September 22, 1965 defendant filed his notice of appeal from this judgment.

Thereafter, in connection with his May 5, 1965 conviction, defendant on November 1, 1965 filed a petition for writ of error *coram nobis*. Among the several grounds urged for relief in this petition defendant alleged that the prior felony conviction charged in the indictment leading to his conviction in May 1965 was not properly chargeable as a prior conviction since he was not actually convicted of a violation of Health and Safety Code section 11501 (the conviction which formed the basis of the prior felony charge) until he was sentenced to

record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section. If a petition is ordered filed, proceedings shall be conducted in substantial compliance with Sections 5353, 5053, 5054, and 5055 of the Welfare and Institutions Code."

state prison on September 17, 1965. On December 10, 1965, as an alternative to granting defendant's petition for writ of error *coram nobis,* the trial court modified the May 5, 1965 judgment by striking the prior felony conviction. It is from this order that the People appeal in 1 Criminal 5528.

## The Commitment Proceedings

According to the provisions of former section 6451 the proceedings held pursuant to that section to determine if a defendant is a narcotic addict within the meaning of the section "shall be conducted in substantial compliance with Sections 5353, 5053, 5054, and 5055 of the Welfare and Institutions Code."[3] Defendant contends that since no witnesses were called either by the People or by defendant, the proceedings held in the instant case to determine if defendant was a narcotic addict did not comply with the provisions of former Welfare and Institutions Code section 5053[4] (now Welf. & Inst. Code, § 5564). While this section clearly allows for the presence of witnesses at a commitment proceeding, it does not require that witnesses be present or testify at the hearing except where they are so requested by the defendant. In the instant case since the record does not indicate that defendant requested the presence of witnesses at the commitment proceeding it is apparent that their absence did not vitiate the effectiveness of the proceedings. Defendant cites the cases of *People* v. *Victor,* 62 Cal.2d 280 [42 Cal.Rptr. 199, 398 P.2d 391], and *People* v. *Davis,* 234 Cal.App.2d 847 [44 Cal.Rptr. 825], in support of his argument that the commitment proceedings held in the instant case were improper because of the failure of the trial court to call any witnesses. In *Victor* there was only one medical examiner present at the commitment proceedings whereas Welfare and Institutions Code section 5053 specifically required at least two. And in *Davis*

---

[3]These sections which prescribe the type of proceedings necessary for the commitment of a mentally ill person were repealed in 1965. However, they were reenacted, in substantially the same language, as Welfare and Institutions Code sections 5628, 5564, 5565, and 5566, respectively.

[4]This section, in relevant part, provided as follows: "The judge of the superior court may, for any hearing, order the clerk of the court to issue subpoenas and compel the attendance of witnesses from any place within the boundaries of this State and shall issue such subpoenas and compel attendance of witnesses as requested by the alleged mentally ill person; . . . The judge shall compel the attendance of at least two medical examiners, who shall hear the testimony of all witnesses, make a personal examination of the alleged mentally ill person, and testify before the judge as to the result of the examination, and to any other pertinent facts within their knowledge."

the commitment was held to be improper because the doctors who had examined the patient signed their certificates prior to appearing in court rather than after their court appearance as specifically required by Welfare and Institutions Code section 5055.

In the instant case the clerk's minutes of the commitment proceedings reveal that the two doctors who had examined defendant pursuant to former section 6451 were present in court at the hearing, were sworn and examined by the court, and then signed the medical certificate and submitted it to the court. Accordingly, it is clear that these proceedings were held in substantial compliance with the appropriate Welfare and Institutions Code sections.

### Abuse of Discretion on the Part of the Superintendent of the Center

■ Defendant contends that the Superintendent abused his discretion in determining that defendant was not a fit subject for treatment at the Center on the basis of defendant's 1965 conviction which resulted in his commitment to state prison and that, accordingly, it was error for the trial court to sentence defendant to state prison for the 1963 conviction without considering whether, in spite of the Superintendent's determination, defendant was nonetheless entitled to treatment at the Center. The basis of defendant's contention is that a subsequent conviction does not, by itself, support a determination of ineligibility for the rehabilitation program.

At the time the Superintendent certified to the trial court that defendant was no longer a fit subject for treatment at the Center and that his case should be referred to the court for further proceedings on the suspended criminal charges, section 6453, which authorized such a proceeding, provided as follows: "If at any time after 60 days following receipt of a person at the facility, the Director of Corrections concludes that the person, because of excessive criminality or for other relevant reason, is not a fit subject for confinement or treatment in such narcotic detention, treatment and rehabilitation facility, he shall return the person to the court in which the case originated for such further proceedings on the criminal charges as that court may deem warranted."[5] The case of *People* v. *Pate*, 234 Cal.App.2d 273, 275-276 [44 Cal.Rptr. 462], held

[5]Effective Sept. 15, 1965 this section was repealed and reenacted, in substantially the same language, as Welfare and Institutions Code section 3053.

that the question of whether a person committed to the Center is a fit subject for treatment at the Center is addressed in the first instance to the sound discretion of the Director of Corrections and that his determination is reviewable by the trial court, which, upon finding that the Director has abused his discretion, may set aside such conclusion and direct the Director to carry out the court's order of commitment. In *Pate*, because the committing court, in imposing a prison sentence upon the defendant, believed that the Director's decision to reject the defendant was conclusive and that the court had no alternative other than to impose a prison sentence, the appellate court reversed the judgment only as to the prison sentence imposed and remanded the case to the committing court in order for it to determine whether or not the Director's refusal to accept the defendant for treatment was an abuse of discretion. It should be noted, moreover, that in *Pate* the Director based his reason for returning the defendant to prison not upon the defendant's "excessive criminality" but upon the fact that he was a "dual commitment," i.e., that he was under active parole for a prior felony conviction at the time of his commitment to the Center as a narcotic addict under former section 6451.

In the instant case the Superintendent, in the sound exercise of his discretion, predicated his determination that defendant should be returned to the trial court upon the fact that defendant, as a result of his 1965 conviction, was incarcerated in a state prison and was therefore unavailable for treatment at the Center. No contention is here made, as in *Pate,* that when defendant was returned from the Center the court failed to determine the propriety of the Superintendent's ruling. It is apparent from the action of the court that it agreed with the conclusion reached by the Superintendent and concluded that he did not abuse his discretion in determining that because of defendant's subsequent conviction and incarceration he was no longer a fit subject for treatment at the Center.

Defendant, however, argues that the trial court, in sentencing defendant to state prison following the Superintendent's report that defendant was no longer a fit subject for treatment at the Center, failed to consider that provision of former section 6451 (now Welf. & Inst. Code, § 3051) which provided that notwithstanding the fact that the defendant, by virtue of the nature of his present conviction or a previous conviction, was ineligible for the rehabilitation program pursuant to the

provisions of former section 6452 (now Welf. & Inst. Code, § 3052), the judge could nevertheless order commitment with the concurrence of the district attorney of the appropriate county.[6] Defendant bases his argument in this regard on the case of *People* v. *Ortiz*, 61 Cal.2d 249 [37 Cal.Rptr. 891, 391 P.2d 163]. There, following the defendant's conviction for a sale of narcotics in violation of Health and Safety Code section 11501, the trial court indicated that because of the nature of the defendant's conviction he was as a matter of law ineligible for treatment at the center and that, accordingly, the court had " '*no alternative at all*' " but to impose a prison sentence. (P. 251.) On appeal the Supreme Court assumed that the trial court's determination that the defendant was ineligible for treatment at the Center was based upon its conclusion that the defendant's conviction fell within those specified in former section 6452. Accordingly, the Supreme Court, in reversing the judgment of conviction insofar as it sentenced the defendant to state prison, held that the offense of which the defendant was convicted was not within the purview of former section 6452, and that it was therefore incumbent upon the trial court to determine as a matter of fact whether the defendant was eligible for treatment at the Center under the provisions of former section 6451.

We fail to see how former sections 6451 and 6452 or the *Ortiz* case, all of which relate to the question of a defendant's *initial* eligibility for treatment at the Center, are relevant to the instant case, since our inquiry here is whether or not defendant, once having been committed to the Center for treatment, may subsequently be returned to the trial court and sentenced to state prison. As to this question the relevant statutory provision is former section 6453. Thus our conclusion that the Superintendent did not abuse his discretion in determining that defendant, based upon his 1965 conviction, was no longer a fit subject for treatment at the Center is dispositive of the issue before us.

### Credit for Time Served at the Center

█ Defendant argues that the judgment entered by the trial court on September 17, 1965 is incorrect because it does

---

[6]The relevant portion of section 6451 read as follows: "In any case to which section 6452 applies, the judge may request the district attorney to investigate the facts relevant to the advisability of commitment pursuant to this section. In unusual cases, wherein the interests of justice would best be served, the judge may, with the concurrence of the district attorney and defendant, order commitment notwithstanding section 6452."

not indicate that the time served by defendant at the Center was to be credited towards his prison sentence. In support of this contention, defendant cites former section 6520 (now Welf. & Inst. Code, § 3200), which provided in relevant part as follows: "In any case where the criminal charges are not dismissed and the person is sentenced thereon, time served while under commitment pursuant to Article 2 of this chapter shall be credited on such sentence." In *People* v. *Reynoso*, 64 Cal.2d 432 [50 Cal.Rptr. 468, 412 P.2d 812], it was held in a situation similar to the instant case that a defendant is not as a matter of law entitled to credit on his sentence for the criminal charge for time spent in the Center. *Reynoso* further held that whether a judge who pronounces sentence or a sentencing and paroling body such as the Adult Authority should take into consideration the time spent by a defendant in the Center is a matter vested in the discretion of such judge or board. In its discussion of this issue *Reynoso* does not refer to or cite section 6520 nor its successor statute, Welfare and Institutions Code section 3200.

In *People* v. *Moreno*, 235 Cal.App.2d 386 [45 Cal.Rptr. 243], the situation presented was also similar to that in the present case except that when the trial judge sentenced the defendant it did so with a notation that pursuant to section 6520 the defendant was to receive credit for the time spent in the Center. It was there held that since under section 6520 and the express terms of the sentence the defendant was credited with his time in the Center, he was not subjected to double punishment.

In the instant case no showing has been made that defendant has not been given credit by the Adult Authority for the time served at the Center. His complaint is that the judgment does not provide for such credit. We are of the opinion that the judgment need not so provide, but that under the California indeterminate sentence law (§§ 1168, 3020-3025) any credit to which defendant is entitled should be set by the Adult Authority. In the absence of any evidence that the Adult Authority has not given defendant such credit or has indicated that it will not give him such credit we need not attempt to reconcile the language of former section 6520, which appeared to make the giving of such credit mandatory, with the holding in *Reynoso* that the granting of such credit is a matter of discretion.

### Propriety of the Trial Court's Order Modifying the May 5, 1965 Judgment by Striking the Prior Felony Conviction

As we have indicated above, the sole issue which the People raise in 1 Criminal 5528 is that the trial court erred in modifying the May 5, 1965 judgment in that action by striking therefrom the prior felony conviction based upon a violation of Health and Safety Code section 11501. Since the trial court's order modifying the judgment, which order was made as an alternative to granting defendant's petition for writ of error *coram nobis*, was based on the ground that the April 5, 1963 determination of defendant's guilt for sale of narcotics in violation of Health and Safety Code section 11501 did not constitute a conviction and that therefore defendant had not suffered a conviction for sale of narcotics prior to his conviction for possession of heroin, the propriety of this order turns upon the question of whether a conviction, for purposes of Health and Safety Code section 11500, which provides for an increased sentence if the defendant "has been previously convicted once of any felony offense described in this division,"[7] occurs when the defendant is found guilty of a particular offense.

The People assert that *People* v. *Hurley,* 155 Cal.App.2d 350 [317 P.2d 1003], is dispositive of this question. That case held that a conviction for purposes of division 10, chapter 5 of the Health and Safety Code occurs upon a finding of guilt. There the defendant was found guilty in a nonjury case of violating Health and Safety Code section 11500. While the matter was pending for a probation officer's report, the defendant was charged with violating Health and Safety Code section 11714 to which charge he pleaded guilty before the magistrate. An amended complaint was then filed in the second case charging the former conviction under Health and Safety Code section 11500, which charge the defendant denied. Both cases came on for hearing on the same date. At that time the trial court sentenced the defendant to prison for the term prescribed by law for his violation of Health and Safety Code section 11500, and as to the defendant's violation of Health and Safety Code

---

[7]Specifically Health & Safety Code, section 11500 provides in pertinent part as follows: "If such a person has been previously convicted once of any felony offense described in this division . . . the previous conviction shall be charged in the indictment or information and if found to be true . . . upon a court trial, or is admitted by the defendant, he shall be imprisoned in the state prison for not less than five years nor more than 20 years. . . ."

section 11714 the trial court, finding the charge of former conviction to be true, senteneed the defendant to prison for 10 years. (In the absence of the previous conviction the term would have been 5 years.) Thereafter the defendant filed a timely appeal from the judgment imposed for violation of Health and Safety Code section 11714. On appeal the contention was made by the defendant that he could not be sentenced for two offenses at the same time and have one offense treated as a prior conviction. In rejecting this contention the reviewing court held that the defendant stood convicted for violating Health and Safety Code section 11500 when his guilt was ascertained by the trial court and not as of the time judgment was imposed by the court.

Defendant contends that *Hurley* incorrectly states the law. In support of this contention defendant points out that since the court which decided *Hurley* expressly noted in its opinion that neither the defendant nor the Attorney General had cited any precedents, it is apparent that that court was not made aware of a substantial body of case law directly contrary to its holding not only in California but in the common law and in the majority of the United States as well. Defendant also notes that the reviewing court in *Hurley* was given no opportunity to correct its decision in that no petition for a rehearing was filed; that the cases upon which it relied were inapplicable; and that no petition for a hearing in the Supreme Court was filed.

The rule ascribed as the majority rule by defendant is that declared in a number of cases which have enunciated the principle that a conviction within the meaning of criminal statutes which prescribe an increased penalty for an offense committed by a defendant who has suffered a prior conviction implies a final judgment or sentence and that no former conviction results in situations where, for example, a sentence is suspended, no sentence is imposed, or an appeal is taken. (See 5 A.L.R.2d 1080, 1083-1085.) ▉ Notwithstanding the principle enunciated in these cases as to the definition of "conviction" within the meaning of habitual criminal statutes, it is apparent that in California in a situation such as that involved in the instant case, i.e., where the defendant's guilt has been ascertained either by verdict, finding, or plea of guilty and the trial court, in lieu of imposing a sentence, commits the defendant to the Center pursuant to section 6451, the ascertainment of guilt constitutes a conviction and the defendant may thereafter be charged with such conviction as a prior conviction as to subse-

quent offenses. We reach this conclusion as to the meaning of conviction in such a situation upon the basis of former section 6520 (now Welf. & Inst. Code, § 3200). This section, insofar as applicable here, provided that when a person who has had the imposition of sentence suspended "Upon *conviction* . . . for any crime in any superior court" under section 6451, so as to permit his commitment as a narcotic addict pursuant thereto, is recommended for a discharge, the court "may dismiss the criminal charges of which such person was *convicted*," and that "Such dismissal shall have the same force and effect as a dismissal under Section 1203.4 of the Penal Code, *except the conviction is a prior conviction for purposes of Division 10 of the Health and Safety Code.*" (Italics added.)

Section 1203.4 to which former section 6520 referred as providing the guidelines for the effect of such dismissal provides in pertinent part that a defendant who fulfills the conditions of his probation and is discharged therefrom shall be permitted to withdraw his plea of guilty or to have the verdict of guilty set aside and that "the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted . . .; *provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.*" (Italics added.) The cases which have construed this latter provision of section 1203.4 have held that even though a defendant is granted probation and, upon fulfilling the terms of probation, is released from disabilities, he has nonetheless suffered a conviction within the meaning of statutes increasing the penalty for a subsequent offense and he may therefore be charged with such conviction as a prior conviction as to subsequent offenses. (*People* v. *Barwick*, 7 Cal.2d 696, 699 [62 P.2d 590]; *People* v. *Hainline*, 219 Cal. 532, 534-535 [28 P.2d 16]; *People* v. *Rosencrantz*, 95 Cal.App. 92, 94 [272 P. 786]; *People* v. *Acosta*, 115 Cal.App. 103, 107-108 [ 1 P.2d 43]; see also *In re Phillips*, 17 Cal.2d 55, 61 [109 P.2d 344, 132 A.L.R. 644]; *Meyer* v. *Board of Medical Examiners*, 34 Cal.2d 62, 66 [206 P.2d 1085]; *Stephens* v. *Toomey*, 51 Cal.2d 864, 871 [338 P.2d 182].) The above cases all deal with a situation where, after the defendant has received a suspended sentence or been granted probation, his record is expunged upon the fulfillment of the terms of probation. How-

ever, these cases make it apparent that the conviction is extant from the time of the plea of guilty or the verdict or finding of guilt and that such conviction may therefore be considered as a prior conviction enhancing the penalty for a subsequent offense regardless of whether the defendant has fulfilled the terms of probation and had his record expunged.

Upon analogy of these cases which have construed the provision of section 1203.4 relating to the effect of a dismissal following the successful completion of probation, we conclude that by virtue of similar language of former section 6520 and the specific reference in the latter section to section 1203.4 the term "conviction" as used in Health and Safety Code section 11500 must be interpreted to mean the ascertainment of guilt by the trial court rather than the rendering of judgment or the imposition of sentence based upon that ascertainment. Accordingly, in the instant case defendant stood convicted of violating section 11501 of the Health and Safety Code when he was found guilty thereof on April 5, 1963. As of that date, irrespective of the proceedings brought pursuant to former section 6451 which resulted in a suspension of the imposition of sentence, defendant's guilt for violating Health and Safety Code section 11501 had been ascertained. Such ascertainment constituted a conviction for such offense which, under former section 6520, could thereafter be charged as a prior conviction regardless of whether defendant was rehabilitated so as to effect his discharge and a dismissal of the charge as provided in former section 6520.

The judgment in 1 Criminal 5466 is affirmed and the order in 1 Criminal 5528 is reversed.

Sullivan, P. J., and Sims, J., concurred.

A petition for a rehearing in No. 5528 was denied December 23, 1966, and respondent's petition for a hearing by the Supreme Court in No. 5528 was denied February 1, 1967. Sullivan, J., did not participate therein.