[No. 610-41067-1.    Division One—Panel 2.    November 9, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND LEE FARMER, *Appellant*.

*Sawyer & Gorham, James B. Gorham,* and *Wm. J. Gaffney,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Michael DiJulio, Deputy,* for respondent.

FARRIS, J.—Raymond Lee Farmer was convicted by a jury of the crime of robbery. He appeals from that conviction.

On January 9, 1969, at approximately 5:45 p.m., a robbery occurred at an apparel store in Seattle. A police officer arrived 5 minutes later and was given a description of the robber which he caused to be broadcast over police radio. At approximately 6:05 p.m. of the same day, appellant and a juvenile companion were stopped by two police officers at a distance of approximately five or six blocks from the

apparel store. Appellant's appearance matched the description that had been broadcast over police radio. The officers informed appellant and his companion of the robbery and the fact that appellant fitted the description of the robber. In response to questions by the officers, appellant stated that he was looking for his sister's house, that he had no money or identification, and that his name was Robert Storm.[1] The officers asked the two suspects to accompany them a few blocks to the officer who had been given the original description. They were informed that they did not have to do this. They were, however, quite cooperative and agreed to go with the officers, claiming that they had "nothing to hide." When they reached their destination, the officer who had been given the description of the robber identified the appellant and formally arrested him. At no time prior to this was appellant given the Miranda warnings.

Two questions are raised on appeal. The first is whether the statements made by the appellant at the time of the initial contact should have been suppressed because of a failure to advise him of his constitutional rights as prescribed in *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966). Appellant argues that the questioning was actually "in-custody interrogation" since the officers had probable cause to arrest him immediately upon seeing him and he was therefore entitled to the Miranda warnings.

An accused must be advised of his constitutional rights as set forth in *Miranda* when he is "taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, . . ." *Miranda,* 384 U.S. at 478.

In *State v. Bower,* 73 Wn.2d 634, 643, 440 P.2d 167 (1968) the Supreme Court stated:

We know of no rule of law which forbids lawfully constituted officers of the law from requesting persons to

---

[1] Subsequent investigation revealed that all three answers were untrue.

accompany them, or of providing transportation, to the police station or some other relevant place in furtherance of an investigation of a crime, or of any rule, for that matter, which forbids one to reject such request. But if the circumstances show that the transportee is acting only upon the invitation, request, or even urging of the police, and there are no threats, express or implied, that he will be taken forcibly, the accompaniment is voluntary, and he is not in custody.

In the present case, the officer testified that he never had to reach a decision as to what he would do if appellant and his companion did not agree to accompany them because the two suspects were so cooperative. There is nothing in the record to suggest the contrary.

■ Mr. Farmer alleges that the police officer had probable cause to arrest him when he first saw him on the street and therefore the Miranda warnings should have been given at that time. Cause for arrest arises when there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. *See State v. Todd,* 78 W.D.2d 361, 364, 474 P.2d 542 (1970).

The officer was not required to conclude, on sight, that Mr. Farmer was the described suspect. His demeanor, his cooperative attitude and his willingness to have the investigation proceed were factors which the officer properly considered. In *Cauley v. United States,* 294 F.2d 318, 320 (9th Cir. 1961) the court noted that "it [is not] necessary that a person be arrested as soon as the police have reason to believe that he has committed a crime." *See also People v. Moreno,* 235 Cal. App. 2d 386, 45 Cal. Rptr. 243 (1965); *People v. Castedy,* 194 Cal. App. 2d 763, 15 Cal. Rptr. 413 (1961).

When he answered the questions about which he now complains, Mr. Farmer was not in custody or otherwise deprived of his freedom of action in any significant way. *See State v. Nuckols,* 1 Wn. App. 189, 459 P.2d 979 (1969). The questions and answers were properly admitted.

Appellant also contends that the trial court erred in giving instruction 7.

You are instructed that under the laws of this state, a defendant is a competent witness in his own behalf, but he may or may not take the witness stand as a witness at his option. No inference of guilt or innocence is to be drawn by you from the fact that the defendant fails or refuses to take the witness stand as a witness in the case.

Appellant argues that the use of the words "fails or refuses" in the instruction implies that there is a duty on the part of appellant to testify.

In *State v. East*, 3 Wn. App. 128, 474 P.2d 582 (1970) we considered an identical instruction. Although we noted that the instruction is not worded as impartially as it might be, it accurately expresses the constitutional protection afforded an accused.

Affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.

Petition for rehearing denied December 1, 1970.

Review denied by Supreme Court February 9, 1971.