[Civ. No. 48042. Second Dist., Div. Four. Sept. 3, 1976.]

MICHAEL EDWARD CALLAHAN, Plaintiff and Respondent, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, and Richard M. Radosh, Deputy Attorney General, for Defendant and Appellant.

Roger W. Borrell for Plaintiff and Respondent.

**OPINION**

**DUNN, J.**—On 2 July 1965 and on 18 July 1966 defendant was convicted of violating Vehicle Code section 23102, subdivision (a). On 6 October 1973 he again was arrested for the same offense and on 12 November 1973 he pled guilty to it. He was sentenced 5 December 1973. The municipal court judge who sentenced him made no recommendation regarding his driver's license nor did he order it taken away. The Department of Motor Vehicles (DMV) issued an order, dated 21 February 1975,

revoking Callahan's driver's license for three years because of his "convictions" in Ventura County Municipal Court on 2 July 1965, 18 July 1966 and 12 November 1973. Callahan thereafter, on 20 May 1975, petitioned for a writ of mandate to compel the Department of Motor Vehicles to annul its order of revocation. The Ventura County Superior Court, on 22 August 1975, ordered that the writ issue as prayed. Judgment was entered 25 November 1975 and the DMV appeals from the judgment. The DMV states that revocation under Vehicle Code section 13352, subdivision (e), is automatic, i.e.: irrespective of action or inaction by the municipal court judge, whereas Callahan argues it is not automatic, in that Vehicle Code section 13352, subdivision (e), was amended, effective January 1, 1974, and it should be given retroactive effect.

Vehicle Code section 13103 reads, in pertinent part: "For purposes of this division . . . a plea of guilty . . . constitutes a conviction of any offense prescribed by this code . . . ."

Vehicle Code section 13352 as it read at the time of Callahan's conviction in November 1973 stated: "The department shall . . . immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of driving a motor vehicle while under the influence of intoxicating liquor . . . or in violation of subdivision (b) of Section 23105" and subdivision (e) read: "Upon a third or subsequent conviction . . . within 10 years such privilege shall be revoked and shall not be reinstated for a period of three years and . . . ."

As amended effective January 1, 1974, section 13352 read: "The department shall, except for a conviction or finding described in subdivision (a) where the court does not order the department to suspend, immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing . . ." and subdivision (e) read: "Upon a third or subsequent conviction or finding of driving a motor vehicle while under the influence of intoxicating liquor . . . within seven years such privilege shall be revoked and shall not be reinstated for a period of three years . . . ."

Callahan also argues that his "conviction" was not final on January 1, 1974, when the amendment to Vehicle Code section 13352, subdivision (e) became effective.

■ Quite obviously, Callahan's convictions in July of 1965 and July of 1966 were more than seven years before his conviction in November 1973 and should be ignored if the amendment is to be given retrospective effect. On the other hand, if the amendment is not given retrospective effect and the original 10 years remains, then the 1965 and 1966 convictions fall within such time period.

Callahan contends he is entitled to the benefit of the newer legislation since, he says, it lessens his punishment and became effective before his judgment of conviction became final. He relies upon *In re Estrada* (1965) 63 Cal.2d 740, 742 [48 Cal.Rptr. 172, 408 P.2d 948] concerning the interpretation of the statutes. The DMV invites our attention to *In re Marriage of Bouquet* (1976) 16 Cal.3d 583 [128 Cal.Rptr. 427, 546 P.2d 1371] regarding the interpretation of legislative intent. In our own case, so far as the record shows, no evidence was offered to interpret the statute as to whether it should or should not be given retroactive effect. In the *Bouquet* case, *supra*, 16 Cal.3d, such evidence appears in the record. In our own case the legislation is silent regarding its own retroactivity or prospective application. There is a presumption against retroactivity, (*Bouquet, supra*, 16 Cal.3d at p. 591, fn. 6) and that presumption has not been dispelled by any evidence in the record before us. (See, generally, Evid. Code, §§ 600, 606, 607.)

We have endeavored without success to determine the legislative intent from the amendments, themselves. (Stats. 1973, ch. 1128; and see: *Bush* v. *Bright* (1968) 264 Cal.App.2d 788, 792 [71 Cal.Rptr. 123].)

However, the question remains: Was the conviction final? Callahan seemingly ignores the mandate of Vehicle Code section 13103 to the effect that his plea of guilty is a conviction, relying instead upon the theory that the judgment date of 5 December 1973 should be used and that the judgment did not become final until 30 days thereafter (rule 182, Cal. Rules of Court) namely, sometime in January 1974 after the amendment of Vehicle Code section 13352 became effective.

"Conviction" may, on occasion, be given a number of meanings. (See *Stephens* v. *Toomey* (1959) 51 Cal.2d 864 [338 P.2d 182]; Ed. Code, §§ 12911, 13588; Bus. & Prof. Code, § 2765; Pen. Code, §§ 681, 689.)

Vehicle Code section 13352 requires the DMV to suspend the privilege of operating a motor vehicle upon receipt of an abstract of the record of

a court showing that such person has been convicted. Subdivision (e) reads: "upon a third or subsequent conviction." Language similar to this was interpreted in *People* v. *Hurley* (1957) 155 Cal.App.2d 350 [317 P.2d 1003] and the court therein stated (at p. 352): "However, this court has decided the point three times [citations]. In the *Clapp* case it was said: 'Appellant contends that at the time of the filing of the information and at the time of the trial he had not been convicted because his judgment of conviction in the former case was on appeal. This contention has been disposed of repeatedly. [Citations.] The jury, or the court where a jury has been waived, convicts the accused. (Pen. Code, §§ 689, 1157.) Conviction does not mean the judgment based upon the verdict, but it is the verdict itself. [Citation.] It is the ascertainment of guilt by the trial court. [Citation.] A person has been convicted even though the judgment should be suspended during appeal [citation] or while the convict is on probation. [Citation.] In the case of *People* v. *Braun,* 14 Cal.2d 1 [92 P.2d 402], it was held that although an adverse judgment in a former case was on appeal a prior conviction might be shown for the purpose of impeachment. A judgment though not final may be proved for any purpose for which it is effectual. [Citations.] The courts of other jurisdictions have likewise upheld the practice of alleging the prior conviction even though the judgment based thereon was on appeal at the time of the trial for the second offense. [Citations.]' (P. 200.) See also *In re Anderson,* 34 Cal.App.2d 48, 50-54 [92 P.2d 1020]; *McKannay* v. *Horton,* 151 Cal. 711, 718 [91 P. 598, 121 Am.Rep. 146, 13 L.R.A.N.S. 661]."

In *People* v. *Clapp* (1944) 67 Cal.App.2d 197, 200 [153 P.2d 758] the court stated "Conviction does not mean the judgment based upon the verdict, but it is the verdict itself." (See also *People* v. *Ward* (1901) 134 Cal. 301, 308 [66 P. 372]; *In re Morehead* (1951) 107 Cal.App.2d 346, 350 [237 P.2d 335].) It appears that we are concerned with a "conviction" and not a "judgment."

The judgment ordering issuance of the writ is reversed.

Jefferson (Bernard), J., concurred.

**KINGSLEY, J.**—I dissent.

I regard the case at bench as controlled by *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948]. In *Estrada,* as here, the defendant had been "convicted" prior to the statutory reduction of

penalty, but, as here, that conviction had not yet become "final" until after the amendment had taken effect. It follows from *Estrada* that the date of "conviction" is not controlling, but the date of finality of that conviction is. As the majority opinion agrees, Callahan's "conviction" did not become "final" until after the January 1st date on which the amendment of section 13352 of the Vehicle Code became law.

I would affirm the judgment granting the writ of mandate.

Respondent's petition for a hearing by the Supreme Court was denied November 18, 1976. Mosk, J., was of the opinion that the petition should be granted.