[Crim. No. 6444.   First Dist., Div. Four.   Sept. 24, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. GENE
EDWARD WILLIAMS, Defendant and Appellant.

Jack G. Cohen, under appointment by the Court of Appeal,
for Defendant and Appellant.

952

Thomas C. Lynch, Attorney General, Robert R. Granucci and Timothy G. Laddish, Deputy Attorneys General, for Plaintiff and Respondent.

CHRISTIAN, J.—Appellant was found guilty in 1962 of possessing heroin (Health & Saf. Code, § 11500). He was placed in the California Rehabilitation Center for treatment of addiction (Welf. & Inst. Code, § 3051) and almost five years later was returned to court. Probation was then denied and judgment was pronounced. ■ On appeal, it is contended that trial counsel's incompetence amounted to a denial of due process. Specifically it is complained that trial by jury was waived and the cause was submitted on the transcript of the preliminary hearing despite the asserted failure of the attorney who appeared for appellant at the preliminary hearing to present a vigorous and effective defense. But appellant failed to attack the adequacy of representation at the preliminary hearing by motion under Penal Code, section 995. (Cf. *People* v. *Wilkins* (1967) 251 Cal.App.2d 823, 826 [60 Cal. Rptr. 49].) Moreover, the record shows that while represented by new counsel he personally waived trial by jury and agreed that the cause might be submitted for decision on the transcript of the preliminary hearing. Any point appellant may have had regarding adequacy of counsel at the preliminary hearing is therefore lost.

A more difficult problem is presented by the testimony of the arresting officer that while appellant was in custody he "stated that he had received the paper of heroin from a person on Broderick Street that date, . . ." ■ The record does not show whether appellant, arrested in 1962, received an *Escobedo-Dorado* warning;[1] this court cannot presume that the warning was given. (*People* v. *Rivers* (1967) 66 Cal.2d 1000, 1005 [59 Cal.Rptr. 851, 429 P.2d 171]; *People* v. *Stewart* (1965) 62 Cal.2d 571, 581 [43 Cal.Rptr. 201, 400 P.2d 97], affd. sub nom. (1966) *Miranda* v. *Arizona* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602].) Since this case was tried prior to January 29, 1965, appellant was not required to make in the trial court his objection to the use of the statements. (*People* v. *Doherty* (1967) 67 Cal.2d 9, 14 [59 Cal.Rptr. 857, 429 P.2d 177].)

The crucial issue is whether the *Escobedo-Dorado* rule

[1]*Escobedo* v. *Illinois* (1964) 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758]; *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

should be applied retroactively to this case. California has followed *Johnson* v. *New Jersey* (1966) 384 U.S. 719 [16 L.Ed.2d 882, 86 S.Ct. 1772], in limiting the doctrine of *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], to trials begun after June 13, 1966; however, the *Escobedo-Dorado* rules are to be applied in cases not final on June 22, 1964. (*People* v. *Rollins* (1967) 65 Cal. 2d 681, 691 [56 Cal.Rptr. 293, 423 P.2d 221]; *In re Lopez* (1965) 62 Cal.2d 368 [42 Cal.Rptr. 188, 398 P.2d 380], cert. den., 384 U.S. 1016 [16 L.Ed.1038, 86 S.Ct. 1929].) In *Lopez,* the court stated: "Unlimited retroactive application of *Escobedo* would result in the reconsideration of countless cases that were correctly decided under the law in force at the time of trial; in many such cases witnesses and evidence would no longer be available. Many hardened and dangerous criminals would glean the greatest profit from unlimited retroactivity; they serve lengthy sentences imposed long ago; their cases thus offer the least likelihood of successful retrial. To require a general release of prisoners of undoubted guilt would be to cripple the orderly administration of the criminal laws. [Citations.]" Therefore the court held that the *Escobedo* doctrine did not apply to cases which were final prior to June 22, 1964.

Appellant was tried prior to June 22, 1964 but because he had spent approximately five years at the rehabilitation center for narcotic addicts judgment was not entered until March 14, 1967. Thus his case was not final for all purposes on June 22, 1964. ▮ Although the date of final judgment is generally the critical time in determining questions of limited retroactivity (*People* v. *Charles* (1967) 66 Cal.2d 330, 335 [57 Cal.Rptr. 745, 425 P.2d 545], cert. den., 389 U.S. 872 [19 L.Ed.2d 153, 88 S.Ct. 159]), "we are not bound to a rigid formula when special problems exist." (*People* v. *Rivers* (1967) 66 Cal.2d 1000, 1003, fn. 3 [59 Cal.Rptr. 851, 429 P.2d 171].)

As of June 22, 1964, appellant's position was like that of the large number of other criminal defendants who had been convicted upon evidence which, after that date, would have been held to be inadmissible. That is to say, he could have moved for a new trial in 1962 but did not do so; in an appeal from an order denying such a motion he could have attacked any trial errors. It is true that he nevertheless can, on appeal from the judgment entered after his return from the rehabilitation facility, obtain review of claimed trial errors. (*People*

v. *Gonzales* (1968) 68 Cal.2d 467, 471 [67 Cal.Rptr. 551, 439 P.2d 655].) But the receipt in evidence of the statement in question was not in error in 1962. The question remains whether the retroactive effect of *Escobedo-Dorado* should be extended back to 1962 by reason of the fact that appellant's stay in the California Rehabilitation Center deferred the entry of final judgment. It seems to us that the proceedings which led to appellant's placement in the rehabilitation facility were therapeutic in purpose, intended both for the benefit of appellant and of society at large; they are related to the criminal action only in that the finding of guilt in the criminal action afforded the court the opportunity of providing treatment for appellant's addiction. The later proceedings had nothing to do with the question of appellant's guilt. Had appellant appealed from the order of commitment, he could not have questioned the sufficiency or admissibility of the evidence upon which the conviction was based. (*People* v. *Le Gerrette* (1966) 245 Cal.App.2d 764 [54 Cal.Rptr. 304].)

We willingly obey the rules regarding retroactivity which have been declared by the California Supreme Court; and in dealing with a case not specifically covered by rules heretofore announced we should be guided by the reasons which underlie our high court's earlier decisions. The purpose of limiting the retroactive application of *Escobedo-Dorado* was to promote the orderly administration of justice and prevent the release of persons of undoubted guilt where the possibility of a successful retrial has been unduly diminished by the lapse of time. (*People* v. *Rivers, supra,* 66 Cal.2d 1000, 1003; *In re Lopez, supra,* 62 Cal.2d 368, 381.) ▮ Those considerations indicate to us that where the entry of final judgment of conviction has been deferred by reason of proceedings under the Narcotic Addict Rehabilitation Law that delay is not to be used to bring the case within *Escobedo-Dorado* requirements.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.