[71 C.2d 1235; 78 Cal.Rptr. 169, 455 P.2d 105]

[Crim. No. 13126.   In Bank.   June 18, 1969.]

## THE PEOPLE, Plaintiff and Respondent, v. UHLAN ERIC CRISP, Defendant and Appellant.

Daniel L. Dintzer, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller, John C. Hamilton and Gary J. Freedman, Deputy Attorneys General, for Plaintiff and Respondent.

TRAYNOR, C. J.—In May 1962 a court sitting without a jury found defendant guilty of possession of heroin (Health & Saf. Code, § 11500). Before sentencing, the court found that "defendant is addicted or by reason of repeated use of narcotics is in imminent danger of becoming addicted to narcotics," adjourned the criminal proceedings, and committed defendant for treatment pursuant to Penal Code section 6541.[1] In November 1966 the court reinstated the criminal proceedings and sentenced defendant to imprisonment for the term prescribed by law. Defendant appeals.

Defendant contends that his conviction must be reversed because a confession obtained in violation of the rules subsequently announced in *Escobedo* v. *Illinois* (1964) 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758] and *People* v. *Dorado*

---

[1] Penal Code section 6451, added by Statutes 1961, chapter 850, section 2, page 2225, was repealed by Statutes 1965, chapter 1226, section 1, page 3062, and substantially reenacted and recodified as Welfare and Institutions Code section 3051 by Statutes 1965, chapter 1226, section 2, page 3066.

(1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] was introduced at his trial. Since we have held that those rules apply to all cases not final before *Escobedo* was decided on June 22, 1964 (*People* v. *Rollins* (1967) 65 Cal.2d 681, 691 [56 Cal.Rptr. 293, 423 P.2d 221]; *In re Lopez* (1965) 62 Cal.2d 368, 372 [32 Cal.Rptr. 188, 398 P.2d 380]; *In re Shipp* (1965) 62 Cal.2d 547, 549 [43 Cal.Rptr. 3, 399 P.2d 571]), defendant concludes that the judgment must be reversed. The Attorney General contends that cases such as this one, which was tried before *Escobedo* but in which entry of judgment was postponed owing to a commitment to the narcotics rehabilitation facility, should be treated as an exception to the rule of the *Lopez* case. We answered this contention adversely to the Attorney General in *People* v. *Kellum,* Crim. 13271, *ante,* page 352 [78 Cal.Rptr. 501, 455 P.2d 429]

The judgment is reserved.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J. concurred.