[Crim. No. 4231. Fourth Dist., Div. One. Nov. 25, 1970.]

In re EIRVAN EDWARD CANTRELL on Habeas Corpus.

## COUNSEL

Eirvan Edward Cantrell, in pro. per., for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark L. Christiansen, Deputy Attorney General, for Respondent.

## OPINION

**WHELAN, J.**—In 1963 petitioner was found guilty of attempted grand theft by the Superior Court of Los Angeles County in case #272943. The evidence was that contained in the transcript of the preliminary hearing, submitted by stipulation.

A part of that evidence was defendant's detailed confession. The testimony of the complaining witness, which established the corpus delicti, was otherwise sufficient to prove petitioner's complicity.

In 1963 petitioner had been addicted for several years to the use of narcotics. Criminal proceedings were suspended in case #272943 and on August 7, 1963, petitioner was found to be a person addicted to the use of narcotics and committed to California Rehabilitation Center (CRC) for a maximum period of 10 years.

At that time petitioner was a defendant in criminal actions #229124 and #266677 in the Los Angeles Superior Court, in which in 1960 he had been charged with burglary and with a violation of Health and Safety Code section 11500. On July 26, 1960, he entered a plea of guilty to second degree burglary; the other charge was dismissed. While awaiting pronouncement of judgment on the burglary conviction he was apprehended on a federal charge and was in a federal public health hospital until 1962. On January 3, 1963, he was granted probation on the burglary conviction, which was revoked on August 2, 1963. That criminal proceeding was suspended and in connection therewith he was committed to CRC by the same order as in case #272943.

Thereafter petitioner was in and out of CRC by being placed on outpatient status and then being brought back.

On September 3, 1969, Roland W. Wood, the Superintendent of CRC, wrote the superior court in Los Angeles stating that petitioner was being ejected from the CRC program because of his conduct and was being returned to the court under Welfare and Institutions Code section 3053 for further proceedings in the criminal convictions.

Such proceedings were pending in November of 1969 in which petitioner was vigorously contending to the court that the Director of Corrections had abused his discretion in ejecting petitioner from CRC. (See *People* v. *Pate,* 234 Cal.App.2d 273 [44 Cal.Rptr. 462]; *People* v. *Hannagan,* 248 Cal.App.2d 107 [56 Cal.Rptr. 429].) He desired to produce witnesses from the facility where he had been detained to contest the truth of some of the matters set forth by the superintendent.

While those proceedings were pending, petitioner filed with the Los Angeles court a petition for writ of habeas corpus, seeking thereby the setting aside of the burglary conviction and the dismissal of the combined cases #229124 and #266677. In doing so he made it clear and explicit that he was "not contesting the valid portion of his Civil Commitment based upon S. C. No. 272943."[1]

The ground presented in that petition for writ of habeas corpus was that defendant had been denied a speedy trial in the combined cases in which he had in 1960 pleaded guilty to burglary, because he had not been brought from Texas to California until the federal authorities discharged him from the hospital in 1962.

Notwithstanding the seeming lack of merit of petitioner's theory, the court in Los Angeles granted the petition for habeas corpus, dismissed

---

[1]See memorandum of points and authorities filed on February 13, 1970, and reporter's transcript of January 7, 1970, both in file of cases #229124 and #266677.

cases #229124 and #266677, and on March 2, 1970 ordered petitioner returned to CRC under the original commitment in case #272943, the Superintendent of CRC having withdrawn his decision to eject petitioner.

Petitioner next filed a petition for writ of habeas corpus with the Superior Court of Riverside County, which was denied, and, on April 27, 1970, the pending petition with this court.

Since then he has again been placed in out-patient status.

 Petitioner contends his criminal conviction should be set aside under *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and *Escobedo* v. *Illinois,* 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758], because the superior court judge considered his confession.

In granting his petition, our holding is limited to the specific circumstances in which the petitioner is found: The evidence upon which he was convicted included his confession, obtained in violation of a constitutional right yet to be articulated in *Escobedo* v. *Illinois,* and *People* v. *Dorado;* he did not exercise a statutory right then existing to move for a new trial and to appeal from an order denying such motion, nor did he appeal from the order committing him to CRC; the time within which such rights might have been exercised expired before the *Escobedo* rule became manifest; because of the suspension of the criminal proceedings and his commitment to CRC, no judgment has been entered subsequently from which he might have appealed, and none may be entered so long as he is still in the CRC program; should he successfully complete that program, the criminal charge might be dismissed by the court (Welf. & Inst. Code, § 3200); his only certain right to appeal would accrue were he again to be returned to the court for further proceedings under Welfare and Institutions Code section 3053 and a judgment imposing sentence be pronounced; such a sentence could not be carried out because he has already served "while under commitment pursuant to Article 2" of chapter 1 of division 3 of Welfare and Institutions Code, a time that equals the maximum sentence that might be imposed for attempted grand theft, which should be credited on such sentence (Welf. & Inst. Code, § 3200; *People* v. *Plaehn,* 237 Cal. App.2d 398, 400 [46 Cal.Rptr. 872]; *People* v. *McCuiston,* 246 Cal. App.2d 799 [55 Cal.Rptr. 482]); a successful appeal would not result in a retrial and would have a negative result so far as shortening the time to be served either under the civil commitment or a prison sentence.

Penal Code section 1237, in 1963, provided one could appeal from the denial of a motion for new trial in cases of commitment for narcotics addiction. There is a right of appeal from the civil order of commitment to CRC. (*In re De La O,* 59 Cal.2d 128, 156 [28 Cal.Rptr. 489, 378

P.2d 793, 98 A.L.R.2d 705]; see also *People* v. *Fields,* 62 Cal.2d 538 [42 Cal.Rptr. 833, 399 P.2d 369, 16 A.L.R.3d 708].) The validity of the conviction upon which the commitment is based may be questioned in such appeal. (*In re Lopez,* 2 Cal.3d 141, 151 [84 Cal.Rptr. 361, 465 P.2d 257].)

■ Upon termination of the commitment to CRC, a normal appeal may be taken from any criminal judgment then entered (former Pen. Code, § 1237, subd. 2; *People* v. *Murphy,* 70 Cal.2d 109, 114 [74 Cal.Rptr. 65, 448 P.2d 945]).

■ Both the *Dorado* and *Escobedo* cases are given retroactive effect in cases that were tried before, but had not been finally decided at the time of those decisions (*People* v. *Crisp,* 71 Cal.2d 1235 [78 Cal.Rptr. 169, 455 P.2d 105]; *People* v. *Kellum,* 71 Cal.2d 352 [78 Cal.Rptr. 501, 455 P.2d 429]; *People* v. *Doptis,* 276 Cal.App.2d 738 [81 Cal.Rptr. 314]).

■ Petitioner cannot be held blameable because he failed to move for a new trial or to appeal from the civil order of commitment upon grounds not yet declared available by the courts at the expiration of the time within which such rights might have been exercised. (*People* v. *Treloar,* 64 Cal.2d 141, 143 [49 Cal.Rptr. 100, 410 P.2d 620].)

■ The *Dorado* rule could be invoked by petitioner in any appeal from a judgment pronouncing sentence, even though such judgment were delayed because of the intervening civil commitment for narcotics addiction. (*People* v. *Crisp, supra,* 71 Cal.2d 1235; *People* v. *Doptis, supra,* 276 Cal. App.2d 738.)

■ Convictions not final on June 22, 1964, the date of the *Escobedo* decision, or January 29, 1965, the date of the decision in *Dorado,* are subject to collateral attack. (*In re Cline,* 255 Cal.App.2d 115, 121 [63 Cal.Rptr. 233]; *In re Tedwell,* 251 Cal.App.2d 369, 370 [59 Cal.Rptr. 305]; *In re Morse,* 70 Cal.2d 702, 704 [76 Cal.Rptr. 385, 452 P.2d 601].)

■ Petitioner's confession was explicit and was made without petitioner's having been advised of his right to remain silent. Its reception was error. (*People* v. *Dorado, supra,* 62 Cal.2d 338.)

Such error is deemed necessarily prejudicial. (*People* v. *Rollins,* 65 Cal.2d 681, 692 [56 Cal.Rptr. 293, 423 P.2d 221].)

■ An appeal resulting in the reversal of a judgment imposing sentence following termination of the CRC commitment could not result in a retrial because, as pointed out by the Attorney General, defendant has spent an amount of time in CRC equivalent to more than the maximum possible sentence for attempted grand theft. (*People* v. *Zammora,* 66 Cal.App.2d

369, 372 [152 P.2d 450]; Welf. & Inst. Code, § 3200.) Nevertheless, there are other undesirable consequences of a record of conviction. (*People* v. *McCuiston, supra,* 246 Cal.App.2d 799.) The gravest of such consequences would follow only if petitioner should again engage in criminal activity, which the Attorney General states it would be inappropriate to assume.

It would be pure conjecture to doubt the truth of petitioner's assertion he did not realize the attempted grand theft conviction could be attacked until after his return to CRC in March 1970, equally conjectural to assume the Los Angeles court would not have set aside the burglary conviction if it had not been led to believe petitioner would not thereafter attack the attempted grand theft conviction. Whether such facts if proved could give rise to an estoppel we do not pass upon. Their existence is not patent in the present situation. The conviction of attempted grand theft was invalid; petitioner should move the Superior Court in Los Angeles County to set it aside.

The petition for writ of habeas corpus directed to the Narcotic Addict Evaluation Authority and its parole agent, Don Francisco, is granted, and petitioner is discharged from their jurisdiction.

Brown (Gerald), P. J., and Ault, J., concurred.