[Crim. No. 10577. In Bank. Mar. 7, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ERNEST BALLIN, Defendant and Appellant.

Niles P. Koines, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Andrea Sheridan Ordin, Deputy Attorney General, for Plaintiff and Respondent.

McCOMB, J.—Defendant appeals from a judgment sentencing him for a violation of section 11500.5 of the Health and Safety Code (possession of heroin for purpose of sale).

*Facts*: June 17, 1964, defendant was charged with a violation of section 11500.5 of the Health and Safety Code, a felony. At the time of his arrest, he was on parole from a prior prison term of from six months to fifteen years imposed in 1957 after conviction of second degree burglary.

June 30, 1964, defendant, with counsel present, pleaded not guilty and denied prior convictions alleged against him.

August 28, 1964, defendant withdrew his plea of not guilty and was rearraigned and pleaded guilty. On his arraignment on prior convictions, defendant admitted four prior felony convictions (automobile theft and second degree burglaries).

September 24, 1964, the trial court suspended criminal proceedings under former Penal Code section 6451.[1] Subse-

---

[1]Under former Penal Code section 6451 (now Welf. & Inst. Code, § 3051), it was provided: "Upon conviction of a defendant for any

quently, after a hearing, the trial court found defendant to be a narcotic addict and ordered his commitment to the California Rehabilitation Center.

November 30, 1964, the Adult Authority revoked defendant's parole, and he was returned to prison.

February 24, 1965, the Director of Corrections certified defendant unfit for treatment at the rehabilitation center, because he was then serving a sentence in prison.

February 26, 1965, the trial court dismissed its commitment order and on April 14, 1965, sentenced defendant to a term in prison, to run concurrently with the remainder of his 1957 sentence.

■ Question: *Did the trial court, after the Director of Corrections had certified defendant as unfit for treatment at the rehabilitation center, properly sentence defendant on the pending criminal charges?*

*Yes.* ■ A defendant's parole status does not make him ineligible for treatment at the rehabilitation center. (*People v. Rummel*, 64 Cal.2d 515, 517-518 [1] [50 Cal.Rptr. 785, 413 P.2d 673].) Therefore, the trial court, in its discretion, had the power to commit defendant to the rehabilitation center.

■ However, the Adult Authority's power to revoke parole takes precedence over any commitment to the rehabilitation center. (*People v. Rummel, supra,* 64 Cal.2d 515, 518 [2].) ■ Furthermore, a person who is serving a prison term is ineligible for treatment at the rehabilitation center, there being no provision in the law to transfer such a person to the rehabilitation center. (*People v. Victor*, 62 Cal.2d 280, 295 [21] [42 Cal.Rptr. 199, 398 P.2d 391].)

■ As a result, after the Adult Authority revoked defendant's parole, and it became necessary to return him to prison, he became ineligible for treatment at the rehabilitation center.

---

crime in any superior court, if it appears to the judge that the defendant may be addicted . . . to narcotics he shall adjourn the proceedings or suspend the imposition of the sentence and conduct proceedings to ascertain if such person is addicted to narcotics . . . unless in the opinion of the judge the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section. . . .

''If, after a hearing and examination, the judge shall find that the person charged is a narcotic addict . . . he shall make an order committing such person to the custody of the Director of Corrections for confinement in the facility until such time as he is discharged pursuant to Article 5 of this chapter, except as this chapter permits earlier discharge. . . .'' (Stats. 1963, ch. 1706, § 8, p. 3354.)

Under former section 6453 of the Penal Code (now Welf. & Inst. Code, § 3053), it was provided: "If at any time after 60 days following receipt of a person at the . . . [rehabilitation center], the Director of Corrections concludes that the person, because of excessive criminality or for other relevant reason, is not a fit subject for confinement or treatment in such . . . facility, he shall return the person to the court in which the case originated for such further proceedings on the criminal charges as that court may deem warranted." (Stats. 1963, ch. 1706, § 8.5, p. 3355.)

█ Since defendant became ineligible for treatment at the rehabilitation center by reason of the Adult Authority's revocation of his parole and his subsequent return to prison, there existed, as a matter of law, an "other relevant reason" for the Director of Corrections to certify that defendant was unfit for treatment and to return him to the trial court for further proceedings on the criminal charges to which he had pleaded guilty. The Director of Corrections therefore had no alternative but to take the action which he did.

Under the circumstances, the trial court properly dismissed its commitment order and entered a judgment sentencing defendant on the pending criminal charges.

The judgment is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.