[Crim. No. 661. Fifth Dist. Apr. 20, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL VASQUEZ, Defendant and Appellant.

## COUNSEL

Charles E. Aguilar, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Daniel J. Kremer and Peter G. DeMauro, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—Appellant petitioned the Superior Court of Stanislaus County for a writ of error *coram nobis,* which was denied without a hearing. He has appealed upon the ground his sentence to the state prison upon revocation of his probation, exceeded the jurisdiction of the Stanislaus County Superior Court because the court failed to sentence him in accordance with his request, pursuant to the provisions of Penal Code section 1203.2a.

Briefly stated, the facts are these: On October 9, 1964, appellant pleaded guilty to the crime of robbery, in the Superior Court of Stanislaus County. Imposition of sentence was suspended and he was placed on three years' probation. On April 21, 1966, appellant pleaded guilty in the Superior Court of Santa Clara County, to the charge of possessing for sale a narcotic other than marijuana, in violation of Health and Safety Code section 11500.5. He was not sentenced, however, as proceedings were suspended and he was committed to the California Rehabilitation Center at Corona, on May 27, 1966, pursuant to Welfare and Institutions Code section 3051.

Shortly after his commitment to the center, appellant wrote to the probation department in Stanislaus County requesting that the proceedings pending in that county be terminated. Someone in the probation department interpreted the letter to be an application for termination of probation and sentence pursuant to Penal Code section 1203.2a, and answered, correctly pointing out that the letter failed to meet the requirements of that section. Appellant showed the letter to the records officer at the California Rehabilita-

tion Center and was assured by a member of the staff that the matter would be handled and properly taken care of by that office, but heard nothing further.

In the meantime, appellant was placed on "outpatient" status by the California Rehabilitation Center. Apparently upon learning that appellant was an outpatient, the Stanislaus County Superior Court enforced the detainer hold that had been placed against him, and returned him to Stanislaus County, where he was sentenced to state prison for the term prescribed by law. Appellant was then returned to Santa Clara County and sentenced there for the conviction on his narcotic violation, to serve the term prescribed by law, the two sentences running concurrently.

Appellant and respondent argue a number of procedural questions based upon differing interpretations of Penal Code section 1203.2a, and they also discuss the attributes and decisional law requirements of the writ of *coram nobis*. ■ We find it unnecessary to discuss these questions as we conclude that had appellant's letter to the probation officer, seeking revocation of probation and immediate sentencing, complied with the formalities of section 1203.2a, nevertheless he would not have been entitled to relief under that section. Only a part of the first sentence of this very lengthy section is pertinent to this case; it reads: "If any defendant who has been released on probation is committed to a prison in this State for another offense, the court which released him on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he was granted probation, . . ."

The controlling language, as far as the case at bench is concerned, is "committed to a prison." The Supreme Court determined, in *In re De La O,* 59 Cal.2d 128, 136-139 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705], that commitment to the California Rehabilitation Center is not tantamount to a sentence to prison. Appellant relies heavily upon *In re Perez,* 65 Cal.2d 224 [53 Cal.Rptr. 414, 418 P.2d 6], which holds that one committed to state prison as a sexual psychopath comes within the provisions of Penal Code section 1203.2a. But when *Perez* is read in the light of *De La O,* two basic differences between *Perez* and the instant case become apparent. First, Perez was committed to prison as a sexual psychopath, while appellant was committed to the California Rehabilitation Center. Second, the basis for the Perez commitment was the commission of a crime; appellant was committed, not because of the crime he had committed, but because the court found he may be a drug addict or in imminent danger of becoming addicted to narcotics. Criminal proceedings were suspended pending proceedings for his commitment to the California Rehabilitation Center.

It is significant that had appellant been sentenced to prison for either

the Stanislaus County conviction or the Santa Clara County conviction, he would not have been eligible for commitment to the California Rehabilitation Center under Welfare and Institutions Code section 3051. In *People v. Superior Court,* 2 Cal.3d 527 [86 Cal.Rptr. 83, 468 P.2d 211], it is held at pages 531-532: "Section 3051 of the Welfare and Institutions Code, which provides for the commitment of persons determined to be addicted or in danger of becoming addicted to narcotics, does not authorize the commitment of persons who are currently serving prison sentences. [Citations.] By its terms, section 3051 is *limited to persons who have been convicted but not yet sentenced to prison.*

"As stated in *People v. Victor, supra,* 62 Cal.2d 280, 294 [42 Cal.Rptr. 199, 398 P.2d 391], involving Penal Code section 6450, the predecessor to Welfare and Institutions Code section 3050 (commitment upon conviction in a municipal or justice court), ineligibility of persons serving prison sentences 'is consonant with the purpose of the statute to provide essentially civil confinement for treatment of narcotic addicts . . . . It follows from the face of the statute that after defendant had been sentenced, section 6450 was no longer available to support a commitment to the narcotic addict rehabilitation program.' " (Italics added.)

It appears to us that appellant would have defeated his own purpose had the Stanislaus County Superior Court imposed an immediate sentence upon receipt of his letter, as we must assume that the court would have imposed the same sentence that it eventually did, sentence to the state prison. Such a sentence would have terminated appellant's commitment to the California Rehabilitation Center for, as the Supreme Court said in *People v. Superior Court, supra,* 2 Cal.3d at page 532, quoting from *People v. Ballin,* 66 Cal. 2d 80, 82 [56 Cal.Rptr. 893, 424 P.2d 333]: "A defendant's parole status does not make him ineligible for treatment at the rehabilitation center. (Citation.) Therefore, the trial court, in its discretion, had the power to commit defendant to the rehabilitation center. (Par.) However, the Adult Authority's power to revoke parole takes precedent over any commitment to the rehabilitation center. (Citation.) *Furthermore, a person who is serving a prison term is ineligible for treatment at the rehabilitation center, there being no provision in the law to transfer such a person to the rehabilitation center.* (Citation.) (Par.) As a result, after the Adult Authority revoked defendant's parole, and it became necessary to return him to prison, he became ineligible for treatment at the rehabilitation center."

The order is affirmed.

Gargano, J., and Brown (G. A.), J., concurred.