[Crim. No. 6649. Fourth Dist., Div. One. Oct. 11, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY DAVE GENTRY, Defendant and Appellant.

## COUNSEL

Richard E. Savitz and Savitz & Welles for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Conrad D. Petermann and Jon F. Farrell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WHELAN, J.**—Henry Dave Gentry, defendant, has appealed from each of two judgments imposing concurrent sentences in two unrelated criminal proceedings.

In case No. CR-26253, defendant was charged, on April 27, 1972, with possession of marijuana in violation of Health and Safety Code section 11530 (now § 11357), to which he entered a plea of guilty. On November 29, 1972, he was granted probation subject to certain terms and conditions.

In case No. CR-29027, defendant was charged, on April 24, 1973, in three counts, with unlawful possession for sale of controlled substances (heroin) in violation of Health and Safety Code section 11351, unlawful possession of marijuana in violation of Health and Safety Code section 11357, and unlawful possession of paraphernalia used in administering controlled substances in violation of Health and Safety Code section 11364.

In addition, the information in case No. CR-29027 alleged the prior felony conviction of possession of marijuana in case No. CR-26253.

On June 18, 1973, pursuant to a plea bargain, defendant, in case No. CR-29027, pleaded guilty to possession for sale of heroin; the other two counts were dismisssed and the allegation of the prior was stricken.

Upon entry of the guilty plea, a probation and sentencing hearing was set for July 9, 1973. Defendant was allowed to remain free on his own recognizance, and failed to appear for sentencing at the appointed time.

Meanwhile, a probation revocation proceeding in the first case, No. CR-26253, was commenced following the filing of the information in the second case, No. CR-29027. During the revocation hearing on April 30, 1973, the criminal proceedings were suspended pursuant to Welfare and Institutions Code section 3051, and the matter was certified to the mental health division of the superior court to determine if defendant was addicted to, or in imminent danger of becoming addicted to, narcotics.

Defendant was examined by two court-appointed medical examiners, who filed a report on May 9, 1973, stating their concurrence that defendant was then addicted to narcotics. They recommended treatment at California Rehabilitation Center. A hearing to determine if defendant was addicted was set for May 23, 1973. At that time the matter was continued until November 21, 1973, on defendant's motion, upon the condition he participate in the local narcotic treatment program at Deer Park.

However, he was excluded from the program at Deer Park and a contempt citation issued and was served. A hearing on the contempt citation came on calendar in the civil department on June 19, 1973. Defendant, however, did not appear and a bench warrant issued. He was arrested on the warrant and appeared in the civil department the following day, June 20, whereupon the contempt citation was apparently dismissed and the matter continued until June 26 for determination of the civil commitment proceeding. On the latter date the matter was again continued to July 11, 1973, on defendant's suggestion, pending sentencing on case No. CR-29027 which had been set for July 9.

On July 11, defendant failed to appear in court in the civil proceeding as ordered. His counsel reported defendant was in jail in Calexico. He was again arrested on a bench warrant and appeared in the civil department on September 26, 1973. The court then reviewed the above history and questioned defendant regarding the fact he had not been participating in the narcotic treatment program at Deer Park. After receiving the medical report in evidence, the court found defendant to be in imminent danger of becoming addicted to narcotics and ordered him committed to California Rehabilitation Center (CRC). Immediately upon pronouncing that order, the court reflected upon the fact there was no "rap" sheet in the file and there had been no consideration of defendant's possible history of criminality. The court thereupon stated he rescinded the order of commitment and certified the case back to the criminal division to determine if defendant had a background of excessive criminality such as to render commitment to CRC inappropriate.

The judge, in the discussion that preceded his decision to remand defendant to the criminal division, asked defendant's counsel if his client wanted to go to CRC, and was told by the lawyer he believed defendant preferred not to go to CRC.

On September 27, 1973, the day following recertification to the criminal division, criminal proceedings were ordered reinstated in the first case, No. CR-26253. The court made a specific finding that defendant was not a fit subject for commitment to CRC because of his pattern of criminality. In case No. CR-26253, defendant's probation was ordered revoked; and probation was denied in case No. CR-29027. He was then sentenced concurrently in each case to the term prescribed by law.

Defendant contends the superior court in the civil commitment proceeding was without jurisdiction to remand defendant on September

26, 1973, to the criminal division; and that the criminal division was without jurisdiction to impose sentence in either of the two criminal cases.

Neither the pendency of commitment proceedings under Welfare and Institutions Code section 3051, nor an actual commitment to CRC, would deprive the criminal court of jurisdiction to impose sentence in a criminal proceeding other than that from which the civil narcotic addiction proceeding arose.

The strong evidence of addiction, and the judge's finding of addiction in the civil proceeding, would at most give rise to a question whether the judge in the criminal division in case No. CR-29027 abused his discretion in not suspending the criminal proceedings in that case.

In reviewing defendant's history, the court noted that defendant: ". . . worked in 1967 for about two or three months; he worked for two months in 1969; he worked for four or five months in 1970; he attended college in '72 and that has been the extent of his employment since leaving the army."; that when arrested on the charge giving rise to case No. CR-29027: ". . . he had six balloons of quarter size heroin in his shirt pocket at the time of arrest, and further balloons in his room, and the total was something in excess of seventeen grams. In addition, he had $505 in cash in his left front pocket."; that when arrested on the bench warrant on September 18, 1973: ". . . he had over $600 cash in his pocket, and yet no evidence of any employment."; and had 15.85 grams of marijuana on his person; that "He has had three failures to appear on traffic warrants, he has had a generous background of contact with narcotics, he was seeking to smuggle codeine as early as 1967; he was placed on three years federal probation in 1968 for smuggling marijuana and, interestingly enough, he was characterized by the federal Probation Officer as a failure on probation and that he wasn't, in his opinion, amenable to probation supervision because he continued to be involved with drugs and marijuana.

". . . . . . . . . . . . . . . . . . .

". . . He neglected to register his address pursuant to Health and Safety Code Section 11850, though that was required. He neglected to report to the Probation Officer, he never submitted a written monthly report, he has failed to report to the Probation Officer in any way since February 16, 1973."

There was no abuse of discretion in the judge's decision that defendant's record and probation report indicated such a pattern of criminality that he did not constitute a fit subject for commitment under Welfare and Institutions Code section 3051.

Welfare and Institutions Code section 3051 provides in part: "Upon conviction of a defendant for any crime in any superior court, or following revocation of probation previously granted, whether or not sentence has been imposed, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics he shall adjourn the proceedings or suspend the imposition or execution of the sentence . . . ."

The clause, "following revocation of probation previously granted, whether or not sentence has been imposed" was added by an amendment in 1970.

We are of opinion that as a result of that amendment there is no authorization for the institution of civil proceedings as to a person currently under probation for the crime that would otherwise allow a criminal court to exercise its discretion to order the institution of such proceedings. If a new and different conviction occurred, the court in that criminal proceeding could, of course, order the institution of civil commitment proceedings of the person under probation for a prior conviction. (See *People v. Superior Court (Syvinski),* 2 Cal.3d 527, 532 [86 Cal.Rptr. 83, 468 P.2d 211].)

The change in the statute serves two purposes: a person will not be committed to CRC while still subject to the supervision of the probation department for the same crime that permitted the initiation of the civil commitment proceedings; and a person under a CRC commitment will have a stronger motivation to stay in the program if the alternative is a possible prison sentence rather than a return to probationary status.

*People* v. *Davidson,* 25 Cal.App.3d 79 [101 Cal.Rptr. 494], dealt with a case in which the defendant, while on probation under a sentence whose execution had been suspended, was in 1966, about six months after the grant of probation, made the subject of civil commitment proceedings whose jurisdictional base was the same crime for which he was on probation. The reviewing court there reasoned that although the original term of probation had expired when the defendant was later rejected by CRC and sentenced to prison for a new crime, the order instituting CRC commitment proceedings served to toll the running of the probationary period, being in effect a modification of the probation order, so that the probation could be revoked and sentence executed.

*People* v. *Davidson, supra,* obviously did not attempt to deal with the statute as amended in 1970.

In the case at bench, the court acted without statutory authority in making the order to institute civil commitment proceedings in 1972 while

defendant was the subject of unrevoked probation in the same proceeding in which the order was made.

The subsequent revocation of probation and imposition of sentence were not in excess of jurisdiction, and were not, under the then existing circumstances, abuses of discretion.

The Attorney General gives other reasons why the imposition of sentence in case No. CR-26253 was justified. The judge who imposed the sentence had just determined that defendant was not a fit subject under section 3051 because of the pattern of criminality indicated by his record and probation report, and, after sentencing defendant in case No. CR-26253, immediately imposed sentence for the later crime. A person, while serving a prison sentence, may not be committed to CRC or remain there, and is subject to sentence for the crime that gave rise to the civil commitment proceedings. (*People* v. *Superior Court (Syvinski), supra,* 2 Cal.3d 527.)

We register our disagreement with the theory that the judge in a criminal proceeding, to whom it appears a convicted person is an addict, must for the record make a finding the convicted person is a fit subject for the CRC program. The making of an order for the institution of civil proceedings evidences such finding. That the record is devoid of any other finding on the subject will not make it necessary for the judge in the civil proceedings to terminate such proceedings and remand the defendant to the criminal court for the making of such an express finding.

Each of the judgments appealed from is affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 5, 1974.