[Crim. No. 1983. Fifth Dist. Sept. 22, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH LOUIS MUNOZ, Defendant and Appellant.

## COUNSEL

Alan M. Caplan, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Charles P. Just and James T. McNally, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GARGANO, J.**—Appellant, Joseph Louis Munoz, purports to appeal from his 1971 conviction of possession of heroin in violation of section 11500 (now § 11350) of the Health and Safety Code. He raises these points: that the evidence was insufficient to support the conviction; that he was represented, inadequately, by counsel; that the Director of Corrections improperly returned him to the superior court from the California Rehabilitation Center; that the trial court erred in terminating his commitment to the rehabilitation center without conducting an evidentiary hearing; and that he should be given credit for time served at the rehabilitation center.

On March 26, 1971, appellant, after jury trial in the Superior Court of Madera County, was convicted of possession of heroin. The court then suspended criminal proceedings and, pursuant to section 3051 of the

Welfare and Institutions Code, instituted civil commitment proceedings to determine if appellant was addicted to narcotics or in imminent danger of addiction; when appellant was found not to be a narcotic addict or in imminent danger of addiction, he was returned to the criminal court; judgment was pronounced and sentence to state prison for the term prescribed by law was imposed; however, execution of sentence was suspended and appellant was placed on probation.

On October 27, 1971, a petition was filed in the superior court for the revocation of appellant's probation; appellant had been found in possession of heroin. Later, appellant admitted the possession and his probation was revoked; once again, criminal proceedings were suspended and civil commitment proceedings instituted to determine whether appellant was a narcotic addict or in imminent danger of becoming an addict.

On December 2, 1971, the court found appellant to be in imminent danger of becoming addicted to narcotics and committed him to the California Rehabilitation Center for treatment; six months later appellant was placed on outpatient status.

On March 21, 1973, appellant, after jury trial in the Madera County Superior Court, was convicted of a sale of heroin; on April 5, 1973, he was sentenced to state prison on that conviction for the term prescribed by law. Thereafter, the Director of Corrections decided that appellant was no longer a fit subject for treatment at the California Rehabilitation Center and ordered appellant returned to the superior court for further proceedings in this action.

On March 28, 1974, the superior court determined that appellant was not a fit subject for treatment at the California Rehabilitation Center and terminated appellant's civil commitment; like the Director of Corrections, the court found that because appellant had been sentenced to state prison on his 1973 conviction, he was not a fit subject for treatment at the center. On April 11, 1974, the court, in essence, revoked the suspension of execution of sentence and put into effect the original 1971 sentence of imprisonment; the court ordered the sentence to run concurrently with appellant's 1973 sentence.[1]

---

[1]On April 11, 1974, when appellant's original 1971 sentence was put into effect, the court purported to pronounce judgment and impose sentence. Yet, when appellant was placed on probation on March 26, 1971, judgment was pronounced and sentence was imposed with the execution of sentence being suspended. Neither the subsequent

On August 9, 1974, this court reversed appellant's 1973 conviction (see *People* v. *Munoz,* 41 Cal.App.3d 62 [115 Cal.Rptr. 726]); we take judicial notice that after the reversal, at the request of the district attorney, the charge involved in that conviction was dismissed by the superior court.

■ First, we dispose of the point as to just what this appeal brings before us to review.

The record shows that on May 24, 1971, sentence was imposed on the offense from which appellant now purports to appeal. However, the execution of the sentence was suspended and appellant was placed on probation; a judgment of conviction had been rendered from which an appeal could be taken. (*People* v. *Arguello,* 59 Cal.2d 475, 476 [30 Cal.Rptr. 333, 381 P.2d 5]; *People* v. *Howerton,* 40 Cal.2d 217, 219 [253 P.2d 8]; *In re Phillips,* 17 Cal.2d 55, 58 [109 P.2d 344, 132 A.L.R. 644].) Because appellant had the right to appeal at that time and raise all matters going to the validity of his 1971 conviction, and because he failed to do so, he now cannot raise on this appeal claims of error occurring in the criminal trial, with the exception of the constitutional argument that he did not receive adequate representation by counsel. (*People* v. *Glaser,* 238 Cal.App.2d 819, 821-824 [48 Cal.Rptr. 427]; see *People* v. *Silva,* 241 Cal.App.2d 80, 82-83 [50 Cal.Rptr. 243]; see also *People* v. *Howerton, supra,* 40 Cal.2d 217, 220; *People* v. *Vest,* 43 Cal.App.3d 728, 731 [118 Cal.Rptr. 84]; *People* v. *Wright,* 275 Cal.App.2d 738, 739 [80 Cal.Rptr. 335]; *People* v. *Matranga,* 275 Cal.App.2d 328, 331 [80 Cal.Rptr. 313]; *People* v. *Valdez,* 251 Cal.App.2d 573, 574 [59 Cal.Rptr. 627]; *People* v. *Howard,* 239 Cal.App.2d 75, 77 [48 Cal.Rptr. 443].)

In any event, appellant was committed to the California Rehabilitation Center for treatment as a narcotic addict, and appellant made no attempt to appeal after that commitment; by then, section 1237 of the Penal Code had been amended to permit a defendant who had been committed for narcotics addiction to perfect an appeal wherein he could

---

revocation of probation nor the commitment for narcotics addiction affected the suspension of the execution of sentence. When appellant's narcotic commitment was revoked and criminal proceedings reinstated, it only was necessary for the trial court to revoke the suspension of the execution of sentence and order the original sentence to be in full force and effect. (Pen. Code, § 1203.2, subd. (c); see *People* v. *Larsen,* 144 Cal.App.2d 504, 508 [301 P.2d 298].) We will construe the court's "judgment" of April 11, 1974, as an order revoking suspension of the execution of sentence and putting into effect the original sentence of imprisonment; this order is appealable as an "order made after judgment, affecting the substantial rights of the party" (Pen. Code, § 1237, subd. 2), and appellant's notice of appeal will be construed to refer to it. (*People* v. *Tijerina,* 1 Cal.3d 41, 47-48 [81 Cal.Rptr. 264, 459 P.2d 680].)

raise claims of error occurring in the criminal trial. (See *People* v. *Murphy,* 70 Cal.2d 109, 115, fn. 4 [74 Cal.Rptr. 65, 448 P.2d 945]; *People* v. *Garcia,* 13 Cal.App.3d 486, 488-490 [91 Cal.Rptr. 671]; cf. *People* v. *Gonzales,* 68 Cal.2d 467, 470-471 [67 Cal.Rptr. 551, 439 P.2d 655].) Were we to ignore appellant's failure to appeal from the judgment of conviction rendered at the time execution of the imposed sentence was suspended, we could not ignore his failure to perfect, in timely fashion, an appeal after his commitment for narcotics addiction.

It is clear that this appeal brings before us only the constitutional issue and the question as to whether the court erred in revoking appellant's commitment for narcotics addiction and in putting into effect the original 1971 sentence of imprisonment. We turn to those questions.

■ Appellant complains he received constitutionally inadequate representation because his trial counsel did not make, pursuant to section 1538.5 of the Penal Code, a motion to suppress the evidence of the heroin upon which his conviction was predicated. The arresting officer testified that as he drove by in his patrol unit he observed appellant and two other men standing on the sidewalk and that he saw appellant discard an object. The officer stopped his vehicle and got out; he stated that he found the object on the ground near the sidewalk and that it held five tightly rolled balloons, each of which appeared to contain heroin. Appellant in turn testified that the heroin found by the officer did not belong to him. In view of the officer's testimony and appellant's defense that the heroin found on the ground did not belong to him, it is apparent that counsel was not faced with a search and seizure problem and that a motion to suppress would have served no useful purpose. (See *People* v. *Superior Court (MacLachlin),* 271 Cal.App.2d 338, 342-343 [76 Cal.Rptr. 712].)

Appellant argues that his 1973 felony conviction did not support, per se, a determination of ineligibility for the rehabilitation program. Accordingly, appellant insists that the Director of Corrections improperly determined that appellant was no longer fit for treatment at the California Rehabilitation Center and that the court also erred in terminating the civil commitment because of his subsequent felony conviction.

Appellant ignores the fact that his 1973 conviction resulted in a sentence to state prison. It is settled that if a person who had been committed to the California Rehabilitation Center for treatment there-

after is convicted of a felony and sentenced to state prison, he becomes ineligible for treatment at the rehabilitation center because while in prison he is no longer available for such treatment and there is ". . . no provision in the law to transfer [a person who is serving a prison term] to the rehabilitation center." (*People* v. *Ballin,* 66 Cal.2d 80, 82 [56 Cal.Rptr. 893, 424 P.2d 333]; see also *People* v. *Superior Court (Syvinski),* 2 Cal.3d 527, 531-532 [86 Cal.Rptr. 83, 468 P.2d 211]; *People* v. *Gentry,* 42 Cal.App.3d 444, 450 [116 Cal.Rptr. 869]; *People* v. *Vasquez,* 16 Cal.App.3d 897, 900 [94 Cal.Rptr. 389]; *People* v. *McCuiston,* 246 Cal.App.2d 799, 805 [55 Cal.Rptr. 482].)

However, while the court, in the first instance, correctly terminated appellant's civil commitment and then revoked the suspension of the execution of the sentence and put into effect the original 1971 sentence of imprisonment, we are faced with an unusual situation. As we have stated, appellant's commitment was terminated solely because his sentence to state prison after his 1973 conviction made him ineligible for treatment at the California Rehabilitation Center; this impediment was removed by the subsequent reversal of that conviction and the dismissal of the charge upon which that conviction was predicated. In retrospect, appellant was removed from a worthwhile rehabilitation program without any determination on the part of the Director of Corrections or the superior court that he was no longer a fit and proper subject for that program.

We have several choices.

First, we can hold that in retrospect the trial court erred in terminating appellant's civil commitment. Accordingly, we would reverse the order revoking the suspension of the execution of the sentence, with directions to the lower court to vacate the order terminating appellant's civil commitment and to return appellant to the California Rehabilitation Center for treatment.

This solution is unacceptable. Appellant has been confined in a state prison for a period of almost two and one-half years, and it is possible that he is no longer a narcotic addict or in imminent danger of becoming one. Furthermore, it is possible that during the period that elapsed between his sentence to state prison in 1973 and the present time, appellant has developed a pattern of criminality which would make him an unfit subject for commitment under the narcotic rehabilitation program. On the basis of the record before us, we simply have no way of knowing.

Second, we can hold that because the termination of appellant's civil commitment was proper in the first instance, and because appellant has been in state prison for a period of more than two years, appellant has no recourse at this time. We can, in short, affirm the order revoking the suspension of the execution of sentence.

This solution, likewise, is unacceptable. While appellant has been confined in state prison for a period of almost two and one-half years, this circumstances does not preclude, per se, the finding that appellant is a narcotic addict or in imminent danger of becoming one; the use of narcotics in state prisons is not uncommon; also, appellant may have failed to solve his problem with drugs by socially accepted methods, and he still may be emotionally dependent upon narcotics. (*People* v. *Murphy, supra,* 70 Cal.2d 109, 122; *People* v. *Bruce,* 64 Cal.2d 55, 64-65 [48 Cal.Rptr. 719, 409 P.2d 943]; *People* v. *Garcia,* 256 Cal.App.2d 570, 575-576 [64 Cal.Rptr. 370].) Neither does appellant's more than two-year tenure in prison mean, necessarily, that he is unfit for treatment at the California Rehabilitation Center.

The third solution, and the one we prefer, is to reverse the order revoking the suspension of the execution of sentence, with directions to the superior court to determine if civil proceedings should be instituted in accordance with the prescriptions delineated in section 3051 of the Welfare and Institutions Code. Then, if it appears to the court that the appellant is addicted or in imminent danger of becoming addicted to narcotics and that he does not have a pattern of criminality so as to render him unfit for treatment at the center, the court may reinstitute civil commitment proceedings; in making this fitness determination, the court may, and should, take into consideration all events which have transpired since appellant's initial commitment to the rehabilitation center, including those occurring during the time he has been in prison.

Admittedly, there is no provision in the law authorizing the transfer of a person serving a prison term to the California Rehabilitation Center. (*People* v. *Ballin, supra,* 66 Cal.2d 80, 82.) But section 3051 of the Welfare and Institutions Code, which authorizes the trial judge to suspend criminal proceedings in order to determine whether civil narcotics commitment proceedings should be instituted, does not preclude the court from reinstituting such proceedings whenever the court has regained jurisdiction over the defendant as the result of a successful appeal. In this case, the superior court's order revoking suspension of the execution of the sentence and putting into effect the original sentence of

imprisonment was appealable, and by reversing that order we have revested the trial court with jurisdiction over appellant for resentencing purposes. We see no reason why the lower court cannot suspend criminal proceedings again so that the possibility of instituting civil proceedings to commit appellant for treatment under the narcotic program of this state can once more be explored now that the only reason for his initial removal from the program has been eliminated. In fact, we believe that the procedure we have elected to follow in this case comports with the legislative intent as declared in section 3000 of the Welfare and Institutions Code. This section reads, in pertinent part, as follows: "It is the intent of the Legislature that persons addicted to narcotics, or who by reason of repeated use of narcotics are in imminent danger of becoming addicted, shall be treated for such condition and its underlying causes, and that such treatment shall be carried out for nonpunitive purposes not only for the protection of the addict, or person in imminent danger of addiction, against himself, but also for the prevention of contamination of others and the protection of the public. . . ."[2]

We quickly dispose of appellant's remaining contentions.

█ He argues that the court terminated his commitment improperly because the trial judge did not conduct an evidentiary hearing on the issue of whether the Director of Corrections abused his discretion in returning appellant to the superior court. (*People* v. *Morgan,* 21 Cal.App.3d 33, 38-39 [98 Cal.Rptr. 165].) At the time appellant's commitment to the rehabilitation center was terminated, he admitted he was serving a term in state prison on another felony conviction. The existence of this fact was dispositive of the termination issue; to conduct a more extensive evidentiary hearing into any other reason the Director of Corrections may have had in returning appellant to the superior court would have been meaningless and to no purpose.

Appellant maintains that the court did not exercise its power pursuant to section 3051 of the Welfare and Institutions Code to order commitment in unusual cases even though the defendant otherwise may be ineligible for commitment because he stands convicted of one of the crimes enumerated in section 3052 of the Welfare and Institutions Code.

---

[2]We also believe that our decision here comports with the ratio decidendi of the decisions dealing with the revocation of probation solely upon the basis of a subsequent conviction which thereafter is reversed. (See *People* v. *Jones,* 8 Cal.App.3d 710, 719 [87 Cal.Rptr. 625]; *People* v. *Hayko,* 7 Cal.App.3d 604, 609, 611 [86 Cal.Rptr. 726]; *People* v. *Muniz,* 4 Cal.App.3d 562, 571 [84 Cal.Rptr. 501]; *People* v. *Lynn,* 271 Cal.App.2d 670, 674 [76 Cal.Rptr. 801].)

The same argument was rejected by the appellate court in *People* v. *McCuiston, supra,* 246 Cal.App.2d 799, 805-806.

Appellant complains because the trial court, upon revoking suspension of execution of sentence and putting into effect the original 1971 sentence of imprisonment, did not give him credit for time served while at the treatment center. For obvious reasons, we do not reach this question. In any event, this contention is answered, fully, in *People* v. *McCuiston, supra,* 246 Cal.App.2d 799, 807. No further comment is necessary.

The order of April 11, 1974, revoking the suspension of execution of sentence and putting into effect the original 1971 sentence of imprisonment (erroneously labelled a judgment) is reversed, with directions to the trial court to determine appellant's eligibility for narcotics addiction treatment in accordance with the prescriptions delineated in section 3051 of the Welfare and Institutions Code.

Brown (G. A.), P. J., and Thompson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.